ELIZABETH BOOKER, plaintiff in error, *vs.* EDMUND H. WORRILL, defendant in error.

1. A husband may be indebted to the wife for the rents of her separate real estate, and such *bona fide* indebtedness is a valuable consideration to support a deed from him to her.

2. A husband may make a deed in Georgia directly to his wife, and such deed is valid without the intervention of a trustee.

3. In a contest between the wife as claimant of the property so conveyed, and other creditors of the husband, the questions are as to the *bona fides* of the indebtedness of the husband to his wife, and fraud or no fraud in the transaction, and these are questions of fact for the jury.

Husband and wife. Deed. Trusts. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1874.

Reported in the opinion.

R. J. MOSES, for plaintiff in error.

PEABODY & BRANNON, for defendant.

JACKSON, Judge.

E. H. Worrill obtained judgment against D. L. Booker and Milo Booker, on the 31st of May, 1872. Execution was issued thereon and levied upon a certain lot of land in Columbus as the property of D. L. Booker, which was claimed by Elizabeth Booker, his wife. On the trial of the claim, plaintiff showed his *fi. fa.* and possession in defendant. Mrs. Booker showed a deed from her husband for value, and proved by him that he was indebted to her $6,000 00 for rents of lands which he had given her several years before, and that this deed was made to her in consideration of this indebtedness. The deed was dated some two weeks before the judgment. It also appeared from the testimony of defendant in *fi. fa.* that he had executed a mortgage on this land, and tried to raise money to pay plaintiff and failed ; that he offered the mortgage twice to plaintiff, who declined it; that never having delivered it or realized anything on it, he canceled it and sold his wife the entire lot free from any incumbrance. The jury found the land subject, under the charge of the court, and two errors are complained of in the charge.

1. That the court erred in charging that if the wife owning a separate estate *allows* her husband to use the rents and profits, such use does not create a debt from the husband to the wife. We think that the court erred in this charge. The

statute of 1866 has made a great change in the law of this
state in regard to the marriage relation so far as respects prop-
erty. The wife, as to her separate estate, is a *feme sole* to all
intents and purposes so far as that estate is concerned ; and her
husband may become indebted to her for the incomes arising
therefrom, if he uses and spends such income as his own and
acknowledges the indebtedness to his wife, and the transaction
is *bona fide.* This principle was ruled by this court during
the present term in *Humphrey vs. Copeland;* and that the wife
might owe the husband for services as clerk and she be gar-
nished therefor, was ruled. It is, therefore, no longer an
open question here.

2. The court charged that a deed made by the husband to
the wife directly, without the intervention of a trustee, was void
at common law, and that our statutes had not changed the
common law except in provisions for carrying out marriage
settlements, and that the deed from D. L. Booker to his wife,
Elizabeth, was void for this reason. We think our statutes
have altered the common law, and that a deed may be made
directly from husband to wife. Of course, such a deed will
be closely scanned, as has been ruled by this court, and if
fraudulent, will be set aside as against the rights of creditors,
but if made *bona fide* and to pay a subsisting debt from hus-
band to wife, the deed will be held good ; and whether fraud-
ulent or not, is a question for the jury : Code, section 1783.

3. Under these charges, the jury had no option. They
were constrained to find the property subject, and the question
of fraud or no fraud was not submitted to them. We think
that the true issue, and reverse the judgment and order a new
trial to determine that issue.

Judgment reversed.