## LYTLE *v.* BLACK *et al.*

A voluntary deed from a husband to his wife and children, executed and delivered in good faith and at a time when he was entirely solvent, passed title to the grantees; and the lien of a judgment subsequently obtained against the grantor did not attach to the property thereby conveyed, although such judgment was rendered before the deed was recorded.    Especially is this true when it appears that the deed was executed and delivered before the registry act of 1889 took effect.

Argued March 24, — Decided April 24, 1899.

Levy and claim.    Before Judge Henry.    Floyd superior court.    July 18, 1898.

*J. B. F. Lumpkin,* for plaintiff.

*J. W. Ewing* and *W. S. McHenry,* contra.

COBB, J.    Lytle obtained two judgments against Eugene Black, and executions issued upon the same were levied upon a lot of land to which a claim was interposed by Mollie Black, the wife of the defendant in execution, for herself and as trustee for her children.    Upon the trial of the claim case it was shown that on December 10, 1886, Eugene Black executed a deed to the property in controversy, conveying the same to the

claimant as trustee for herself and her children, which deed was not recorded until September 18, 1895. The claimant testified that the deed was delivered to her by her husband in 1886 and had been in her keeping since, and that she did not know that the deed was not recorded until her attention was called to it in 1895. Eugene Black testified, that in 1886 he employed Judge Underwood to write the deed; that after signing it he left it with Judge Underwood, who retained it until his death; that after the death of Judge Underwood he applied to C. W. Underwood for the deed, who gave it to him and he turned it over to his wife. He further testified that he owed nothing at the time the deed was delivered; that he had one thousand dollars in money and was solvent at the time the deed was made; and that it was left with Judge Underwood to do what was necessary with it. One of the executions was dated March 12, 1895, and recited that it was issued upon a judgment rendered upon the 7th day of March, 1895. The other was dated April 12, 1895, and recited that it was issued upon a judgment rendered on the 3rd day of April, 1895. The presiding judge, after hearing the case by consent without the intervention of a jury, rendered a judgment declaring the property levied on not subject to either execution. To this judgment the plaintiff excepted.

It is unnecessary to a decision of this case to definitely determine whether the deed to Mrs. Black was delivered in 1886 as claimed in her testimony, or whether the same was not delivered until 1889, the time fixed by her husband in his testimony. The judge could have found that it was delivered at either time, and there was evidence that Eugene Black was solvent both at the time that he executed the deed in 1886, and in 1889, the time that he claimed to have delivered it to his wife. In either event the deed took effect before the registry act of 1889 became operative. As the maker of the deed was solvent at the time of its execution and delivery, the fact that it was a voluntary deed did not render it inoperative, and upon delivery title to the property therein conveyed passed to the grantee. Under the law of force at the time this deed was delivered, the record of the same was not essential to its validity.

The only effect of a failure to record within the time prescribed by law was to lose the right to rely upon the deed as title against any one who received upon a valuable consideration and had recorded in due time a deed to the same property from the grantor, without notice of the existence of the prior unrecorded deed. *New South B. & L. Ass'n* v. *Gann,* 101 *Ga.* 678; *White* v. *B. & L. Ass'n,* 106 *Ga.* 146. As title to the property in dispute passed out of the husband long before the judgments against him were rendered, the lien of such judgments never attached to the property. In the case of *Donovan* v. *Simmons,* 96 *Ga.* 340, it was held that the registry act of 1889 did not create any new competition between deeds of bargain and sale and liens of judgments; Judge Hart in the opinion saying that "To hold that a judgment acquired shall be a lien upon land conveyed in a prior unrecorded deed, would be to hold that a judgment shall be a lien upon other than the defendant's property. The sale of land, although the deed may not have been recorded, as between the parties to the contract, and indeed as to all the world, is a parting of the right of title and ownership from the grantor to the grantee; and to hold that an after-acquired judgment against the grantor shall become a lien upon the property conveyed, would be to add to judgments a quality never possessed heretofore, and to take from a deed a condition heretofore always recognized." What is said there with reference to deeds of bargain and sale would seem to apply in principle to a voluntary deed made by a person solvent at the time of its execution and delivery. Such a deed by such a person is as effectual to pass title to the grantee as a deed founded upon a valuable consideration; and after the title has passed, a judgment against the grantor rendered after he has thus parted with the title can never be a lien upon the land.

*Judgment affirmed. All the Justices concurring.*