## PIERCE *v.* BEMIS.

1. A deed which recited a consideration of five dollars and love and affection was not, upon its face, a voluntary conveyance.
2. That the subscribing witnesses saw no money paid to the grantor when the deed was executed and delivered, and that they had no knowledge of any being paid at any other time, did not show that the conveyance was voluntary.
3. That the grantor, at some indefinite time and not in the presence of the grantee, told one of the subscribing witnesses to the deed that it was without money consideration, was hearsay, and not admissible.
4. It did not appear that the deed upon which the claimant relied was voluntary, and the court erred in directing a verdict finding the property subject upon that theory.

Argued June 14, — Decided July 12, 1904.

Levy and claim.     Before Judge Holden.     Wilkinson superior court.     December 31, 1903.

*S. B. Baker* and *Allen & Pottle,* for plaintiff in error.
*F. Chambers & Son,* contra.

FISH, P. J.    In this, a claim case, the court directed a verdict finding the property subject, evidently upon the theory that the deed upon which the claimant relied was a voluntary conveyance. It recited a consideration of five dollars and love and affection. It was not a voluntary conveyance, upon its face.    *Martin* v. *White,* 115 *Ga.* 866.

2. The subscribing witnesses testified that they saw no money paid to the grantor when the instrument was executed and delivered, and that they had no knowledge of any being paid at any other time.    This negative character of evidence was not sufficient, without more, to show that there was no valuable consideration.

3. One of the subscribing witnesses was permitted to testify, over the objection of the claimant that the evidence was hearsay, that " the old man [the grantor] told me that there was no money consideration."    It did not appear when such statement was made, nor that it was made in the presence of the grantee, and that he assented to it.    It was purely hearsay, and the objection should have been sustained.    Whether the deed was either wholly or in part a voluntary conveyance depended upon the intention of the parties when it was executed, and this intention might be inferred by the jury from the circumstances of the transaction.    For, as

was said by Mr. Justice Cobb, in *Martin* v. *White*, supra, "if a deed be made by a father to a son, or by a husband to a wife, or by any one to another who would upon the death of the grantor be one of his heirs at law, and the deed expresses as a money consideration an amount that would be trivial and insignificant compared with the value of the property at the date of the conveyance, and it appears that the amount thus stated was not actually paid, or the circumstances indicate that it was not intended by the parties to be paid, or, if actually paid, that it was not really intended by the parties as compensation for the property conveyed, a jury might find from these circumstances that the deed was voluntary and was intended either as a gift or as an advancement." No such circumstances were in evidence in this case.

From what has been said it follows that the court erred in not granting a new trial.

*Judgment reversed. All the Justices concur.*