## TURNER *v.* WOODWARD.

A wife may be a creditor of her husband and may take from him a deed to land to secure the debt. On payment of the debt the wife may reconvey the land to the husband. Such a transaction is not a sale of the wife's separate estate to the husband, which, under the Civil Code, §2490, must be allowed by order of the superior court of the wife's domicile in order to be valid.

Argued May 8,—Decided November 18, 1909.

Equitable petition. Before Judge Martin. Laurens superior court. January 27, 1909.

*T. L. Griner* and *Hines & Jordan,* for plaintiff.

*P. L. Wade, H. P. Howard,* and *Daley & Bussey* for defendant.

EVANS, P. J. The plaintiff's petition was dismissed on demurrer. It made substantially this case: The plaintiff borrowed of his wife a certain sum of money and secured its payment by deed (absolute in form) to real estate of which he was in possession. He afterwards paid the debt, and his wife destroyed this deed with the intent and under the belief that its destruction revested the plaintiff with title. A short time thereafter the wife conveyed the land to her husband by deed of bargain and sale, with warranty of title. Subsequently to the execution of her deed to the plaintiff the wife executed a deed, on a consideration of love and affection, conveying the land to her daughter, with a covenant that the plaintiff might live on the land during his life. The plaintiff was not aware of the existence of this deed until after his wife's death, when the deed was filed for record by the daughter. The plaintiff has been continuously in possession of the land from the date of the deed to his wife to the present time, claiming title thereto and exercising exclusive dominion over it. The wife executed the last deed at the instance of her daughter, under

advice that her prior deed to plaintiff was void because it was not approved by order of the superior court of her domicile; and the daughter by placing same on record and asserting title to the land by virtue of it has cast a cloud on the plaintiff's title. The deed from his wife to her daughter prevents him from disposing of his land, and will be used after his death to defeat the title of his administrator or devisees. The wife died leaving no debts, and leaving as her sole heirs at law the plaintiff and the daughter, who is the defendant in this suit. The prayer of the petition is, to cancel the deed from the wife to the daughter, to confirm the plaintiff's title, and for general relief. An amendment was allowed to the effect that the deed of the wife to the plaintiff was a gift, inasmuch as she had been repaid all the money which she had loaned him.

The principal issue of law between the litigants, as reflected in the argument and briefs of counsel, is the validity of the plaintiff's title under the allegations of the petition. The plaintiff contends, that he borrowed money from his wife, securing the loan by deed, and upon payment of the loan she reconveyed the land to him and the deed of reconveyance revested him with the title; that though his deed to his wife was absolute in form, yet in fact it was a deed to secure a debt; and that her deed to him, though purporting to be a deed of bargain and sale, was intended as a deed of reconveyance only. On the other hand, the defendant insists that the deed from the plaintiff to his wife vested the title to the land in her, and that her conveyance to him was a sale of the land, and was inoperative to convey title, because it was not allowed by order of the superior court of the wife's domicile, as required by the Civil Code, §2490. If the relation of husband and wife had not existed between the plaintiff and his wife, there can be no doubt that her deed to him would revest the title in him. The form of the deed would be immaterial. An absolute deed by a grantor, where possession of the land is neither surrendered nor intended to be surrendered, may be shown to be a deed to secure a debt. *Carter* v. *Hallahan,* 61 *Ga.* 314; *Hester* v. *Gairdner,* 128 *Ga.* 531 (58 S. E. 165). We do not think the law is different where the borrower is the creditor's wife. As to her separate property a wife is a feme sole. If her husband has become indebted to her in connection therewith, she may take

a mortgage to secure her debt. This was decided in *Comer* v. *Allen,* 72 *Ga.* 1. If a wife may take from her husband a mortgage to secure money loaned to him, what obstacle exists in taking any other form of security which a debtor may give his creditor? None that we can perceive. If she takes a deed to secure the debt, she must upon payment of the debt either surrender and cancel the deed in the same manner that mortgages are cancelled, or reconvey the property to the debtor, as provided in the Civil Code, §§2771-2774, for all creditors. A transaction between husband and wife as described in the petition does not come within the operation of §2490 of the Civil Code. That section declares "That no contract of sale of a wife, as to her separate estate, with her husband or her trustee shall be valid, unless the same is allowed by order of the superior court of the county of her domicile." It does not apply to a gift. *Cain* v. *Ligon,* 71 *Ga.* 692 (51 Am. R. 281). It can not apply to a loan, because a loan is not a sale. In the amendment it is alleged that the deed from the wife to the plaintiff was a gift, but in view of the other allegations we construe this averment to mean only that no consideration passed from the wife to the husband other than the repayment of the wife's debt due to her by the husband. It was alleged that the deed from the wife to the daughter might be vexatiously or injuriously asserted against the plaintiff, and that the plaintiff had reason to apprehend that the evidence upon which he relies to impeach or invalidate the same as a cloud upon his title may be lost or impaired by lapse of time, and that the defendant can not immediately assert her claim because the plaintiff has a life-estate by virtue of the deed under which she claims title to the land. The legal effect of the wife's deed to the plaintiff was to divest her of her title, and under the facts and circumstances alleged in the petition the plaintiff was entitled to have her deed to the defendant cancelled.

*Judgment reversed. All the Justices concur.*