## SHACKELFORD *et al. v.* ORRIS.

HOLDEN, J. Certain heirs at law of an intestate brought a statutory complaint, to recover an undivided interest in a described tract of land, against the grantee of the husband of the intestate. The intestate had made a deed to the land to her husband, reciting as a consideration the love she bore him and $10, and containing words of conveyance applicable to both a gift and a sale. Upon the trial of the case, the plaintiffs contended that the deed was one of bargain and sale from the wife to the husband, not authorized by an order of court, and therefore void; and further contended that if the deed was one of gift, it was void, be-

cause a wife could not make to her husband a valid gift of property belonging to her separate estate.   *Held:*

1. .The consideration of a deed may always be inquired into when the principles of justice require it.

2. Whether a deed which expresses as a consideration love for the grantee and a small sum of money is a voluntary conveyance depends upon the intention of the parties; and this intention is to be ascertained by an inquiry into all the facts and circumstances at the time of its execution, which will throw light upon the question as to whether the deed was executed as the consummation of a sale or as the evidence of a gift. *Martin* v. *White,* 115 *Ga.* 866 (42 S. E. 279).

3. Under the Civil Code, § 2491, "A wife may give property to her husband, but a gift will not be presumed.   The evidence to support it must be clear and unequivocal, and the intention of the parties must be free from doubt."

4. Evidence having been submitted tending to show the deed to be one of gift, the court committed no error in admitting it in evidence over objection that it showed on its face that it was a deed of bargain and sale of the wife's private property and it did not appear that it had been allowed by the superior court of her domicile.

5. As the plaintiffs claimed to own the property as heirs at law of the wife, evidence that the latter stated, subsequently to the execution of the deed, that it was one of gift, and that she had given the property to her husband, was admissible in behalf of the defendant, who purchased from the husband, for the purpose of showing that the deed was one of gift and not of bargain and sale.   Civil Code, § 5181; 2 Wigmore on Ev. §§ 1080-1082; 1 Enc. Ev. 523.

(a) Evidence of such statements made at the time of the execution of the deed from the wife to the husband was likewise admissible.

(b) Such evidence was not rendered inadmissible because it was not shown that the statements were ever communicated to the defendant, the purchaser of the land from the husband.

(c) Evidence of such statements was admissible whether they were made in the presence of the husband or when he was not present.

(d) Testimony of one who witnessed the deed from the wife to the husband, that "I did not see any money pass in my presence, and it was right before me," was admissible as a circumstance to show that the deed was one of gift.

6. One plea of the defendant averred, that she employed an attorney to examine the title, and that the wife represented to him that the deed made by her to her husband was a deed of gift and not one of sale, and that he was induced thereby to recommend to the defendant that the husband had a good title to the property, and that the defendant was induced by such recommendation to make the purchase from the husband, and that the plaintiffs, who claimed the land as heirs at law of the wife, were estopped from setting up title thereto on the ground that the deed to the husband was void because it was one of bargain and sale and had not been allowed by the superior court of the. wife's domicile.   *Held,* that the court committed no error in refusing to strike this plea and in admitting testimony in support thereof.

7. The attorney referred to in the preceding headnote testified, that, at the time the defendant bought the land from the husband, the wife stated to him that her deed to the husband was one of gift, and that he relied upon such statement in recommending to the defendant that the title of the husband was valid, and would have recommended the title without the paper hereinafter referred to, and would not have so recommended if the wife had not said that her deed to her husband was one of gift. He testified: "I wanted to make doubly sure of it, and I also fixed up the consent deed," which was a paper signed by the wife reciting that she consented to her husband deeding the property to the defendant, and relinquished "any and all right, title, and interest that I may have to the within described property." *Held*, that the court committed no error in admitting in evidence such paper signed by the wife, over objection that it evidenced a contract of sale by her "as to her separate estate with her husband, . . and it not appearing that said sale was allowed by the superior court of the county of the wife's domicile."

8. Even if the alleged newly discovered evidence of statements made by the wife was such as to be admissible upon a trial of the case, it was cumulative in its nature, and the judge did not abuse his discretion in refusing a new trial because of such newly discovered evidence.

9. The charge was clear and full, and fairly presented to the jury every material issue in the case; no error of law requiring a new trial was committed; and the evidence supported, if it did not demand, a verdict in favor of the defendant.

    *Judgment affirmed. Beck, J., absent. The other Justices concur.*
                    AUGUST 11, 1910.

Ejectment.    Before   Judge   Hammond.    Richmond   superior court.    June 26, 1909.

*Salem Dutcher*, for plaintiffs.   *Hamilton Phinizy*, for defendant.