## HADDEN *v*. McQUEEN.

A bona fide sale of property, not made to hinder, delay, or defraud creditors, is not rendered invalid because the vendor may have been insolvent at the time.

JULY 11, 1912.

Claim. Before Judge Sheppard. Effingham superior court. June 3, 1911.

*H. B. Strange*, for plaintiff in error. *E. A. Cohen*, contra.

EVANS, P. J. This is a claim case. The claimant is the wife of the defendant. The property levied on is personalty which the claimant contends she purchased from her husband at the time she purchased a tract of land from him. The claimant submitted evidence tending to show, that at various times, beginning in 1905 and extending to 1907, her husband gave her certain money which she deposited in her own name in a named bank; that her husband bought at auctioneer's sale a certain tract of land and personalty, and she lent him the money with which to pay for this land; that in 1908 he sold the land and personalty to her in satisfaction of the debt; and that she paid for the same with the money which he had previously given her. The fi. fa. was issued on a judgment obtained in April, 1909.

The court instructed the jury: "That a conveyance made in payment of a bona fide debt, where the creditor [debtor?] or where the grantor in the conveyance is himself solvent at the time, if not made for the purpose to hinder, delay, or defraud other creditors, or if the conveyance is in good faith, untainted with fraud, it is a valid paper. : . If you find by a preponderance of the evidence that the defendant in fi. fa. was owning the property and was solvent at the time, and he made a bona fide sale of it to his wife and received a consideration for it, that would be a good transaction and a valid transaction. . . If at the time the deed alleged to have been made, or the sale alleged to have been made, the title was in the defendant in fi. fa., and he was at the time solvent, and he sold this property to his wife for a valuable consideration, it would be, gentlemen, a valid sale." Exception is taken to these excerpts from the charge, on the ground that the court in his instruction to the jury made the validity of the sale depend on the solvency of the defendant in fi. fa. at the date the sale and conveyance were made.

A debtor, though insolvent, may prefer one creditor to another, and there is no inhibition of law against a bona fide sale of property by the owner thereof, though he may be insolvent at the time of the sale. The tendency of the court's instruction was to impress the jury that the sale by the defendant in fi. fa. to his wife would be invalid unless he was solvent at the time. So far as the record discloses, there was no lien against the defendant's property at the time it is contended that he made the sale to his wife. If this sale was made to her bona fide, and with no intent to hinder, delay, or defraud creditors, the sale would be upheld, notwithstanding he at the time may have been insolvent. As the case is to be tried over, we express no opinion upon the evidence. The charge of the court was erroneous; and as the evidence did not demand the verdict, a new trial will have to be granted.

*Judgment reversed. All the Justices concur.*