## GORDON *v.* HARRIS.

A husband and wife, being in a state of separation, contracted in writing that a certain amount of money was to be paid by the husband to the wife in settlement of her claim for alimony; that the wife should convey certain property to a third person who had agreed to loan to the husband the money with which to pay the claim for alimony, and on the repayment of this sum by the husband the third person was to convey the land to him. The contract contained a recital that the transaction, so far as the conveyance of the land was concerned, was to be treated as a gift to the husband and not a sale. *Held:*

1. The transaction as recited in the contract between the husband and wife amounted to a sale of the wife's separate estate in settlement of her claim of alimony, and is invalid because not approved by the superior court of the county of the wife's domicile.

2. If such third person, who furnished the money to the husband, participated in the transaction with knowledge of its character, he would stand in no better position than the husband with respect to the validity of his deed.

3. A purchaser from the husband, who takes a deed from such third person, with knowledge of the nature of the transaction, acquires no title as against the wife.

NOVEMBER 14, 1913.

Complaint for land. Before Judge James B. Park. Jones superior court. October 22, 1912.

Mrs. Emmie H. Gordon brought suit against A. L. Harris, alleging that on July 5, 1910, she executed to her husband, G. W. Gordon, the following conveyance: "This agreement, made and entered into this the 5th day of July in the year nineteen hundred and ten, by and between Emmie H. Gordon, wife, and George W. Gordon, the husband, of the County of Jones and State of Georgia, as follows: That the said above parties now being in a state of separation, and desiring to make some provisions in lieu of alimony, both temporary and permanent, for said wife named above, whereby she releases and discharges for the consideration aforesaid from all liability, present, past, or future, for any support, and alimony, or counsel fees for her in the event of a suit by her, the said Emmie H. Gordon, for a divorce, etc.: Now she, the said Emmie H.

Gordon, hereby acknowledges the receipt, to her in cash this day paid by the said G. W. Gordon, of the sum of six hundred dollars ($600.00) to be paid and is paid to her in lieu of said support. in future, alimony both temporary and permanent, fees of counsel, etc.; and said cash shall be a complete defense to any suit for the same, or any action of any kind, either through a proceeding for divorce or otherwise. That it is further agreed and understood that no agreement has been made as to the disposition of the two children of said parties, ages 18 months and seven years, respectively, both boys; the custody and control of the same to be left to the decision of the courts, and the support of the same to be hereafter decided. That the said Emmie H. Gordon, holding the title to the house and lot known as the Bradley dwelling-house, the storehouse and lot, and the blacksmith-shop lot, has sold the same to Sallie L. Winters, the purpose of said deed to the latter to make a gift to said house and lot and property mentioned to her said husband, and in no event is a sale to him, for the purpose of placing said property where the said G. W. Gordon can raise the money whereby to pay the above $600.00 paid to me; the deed and title to said property was made to Sallie L. Winters, who is loaning G. W. Gordon thereon the necessary amount to discharge this agreement, but there is no consideration passing as between said husband and wife as to said property, but the amount is the amount agreed upon as a settlement as above directed. This is further done by deed to Sallie L. Winters to protect the latter and to enable the making of said payment; and because in fact it is understood that the title as held by said Emmie H. Gordon was made to her by J. W. Bradley by deed in 1905, the said Geo. W. Gordon having paid all of the purchase-money for said property; and she desires, a separation now existing between said parties and a complete separation being contemplated, to make said title back to her said husband, and made as before mentioned to the said Sallie L. Winters, not as a loan by her, but to enable the raising of the said sum of $600.00, and is to be construed as a gift in fact to said property to said Geo. W. Gordon, but the title to same is made to Sallie L. Winters, and on payment of the amount borrowed by G. W. Gordon from her she is directed to make title deeds to said G. W. Gordon, and to be binding on me as if made by me without any consideration whatever, and I the said Emmie H. Gordon in no sense is security or

liable thereon for any amount, but the consideration as mentioned is as stated in lieu of all support, alimony, etc.; and she signs this instrument, and signifies her entire consent to said settlement, which is made voluntarily by her without any force, coercion, or otherwise." It was alleged, that the effect of this conveyance was a sale of her separate estate to her husband, and was void for the reason that it was not approved by the superior court of the county of her domicile; that pursuant to that agreement she executed to Sallie L. Winters a deed to secure a loan which her husband had arranged to procure from Sallie L. Winters to pay the alimony which he contracted to pay; that her husband sold the premises to defendant Harris, who assumed and paid off the Winters loan; that Mrs. Winters was a party to the original transaction, and that Harris had knowledge of all the facts at the time of his purchase. She prayed to recover the land and mesne profits, unless the court should adjudge that Harris should be repaid the $600 which the plaintiff acknowledged to have received from Mrs. Winters; in which event she asked that the property be sold, that Harris be reimbursed, and that the balance of the money arising from the sale be paid to her. The petition was dismissed on demurrer, and the plaintiff excepted.

*Johnson & Johnson,* for plaintiff. *Hardeman, Jones, Park & Johnston* and *Robert N. Hardeman,* for defendant.

EVANS, P. J. The statute forbids a married woman to sell her separate estate to her husband, unless the sale is approved and sanctioned by the superior court of the county of the wife's domicile. Civil Code (1910), § 3009. The policy of the statute is to declare invalid every sale made by a wife to her husband, whatever may be the form of the transaction. The law looks to the essence of the transaction, and the wife will not be estopped even by her solemn deed to dispute that the real contract was a sale. *Dunbar* v. *Mize,* 53 *Ga.* 435. Although the statute pronounces a sale by the wife to the husband to be invalid unless approved by order of the superior court of the county of the wife's domicile, nevertheless it has been held that she may voluntarily give her property to her husband. *Cain* v. *Ligon,* 71 *Ga.* 692 (51 Am. R. 281). So that the question submitted by the demurrer to the petition in this case is, whether the transaction described in the agreement between the husband and wife amounted to a sale or a gift.

Notwithstanding an insistent protestation to the contrary, the real contract was a sale by the wife of her property to her husband in satisfaction of the wife's claim for alimony. The husband borrowed from Mrs. Winters the money with which to settle the claim of alimony, and the wife executed her deed to Mrs. Winters to secure the loan. The substance of the transaction is the same as if the wife had conveyed the property to her husband, who in turn executed a security deed to Mrs. Winters for a loan of money with which to pay the wife. The declaration in the contract that the transfer to the husband was to be regarded as a gift is but a verbal assertion variant from the legal effect of the transaction as disclosed in the writing. It would seem rather remarkable that a wife living separate and apart from her husband, and clamoring for alimony, should give the husband property sufficiently valuable to enable him to borrow the money she was demanding. We do not think the contract warrants a construction that the wife was giving any land to her husband.

The petition alleges that Mrs. Winters was a party to the original transaction, and that the defendant Harris had knowledge of all the facts at the time of his purchase. If Mrs. Winters participated in the original transaction in aid of an illegal sale to the husband, and the deed to her was but a device to avoid the statute, the plaintiff's deed to her would be void, and her privy, with knowledge of the invalidity of her deed, would get no title as against the wife. The court erred in dismissing the petition on demurrer.

*Judgment reversed. All the Justices concur.*