### RICH et al. v. RICH.

ATKINSON, J. 1. A wife can not make a contract of sale of her separate estate to her husband without an order of approval by the judge of the superior court of her domicile (Civil Code, § 3009); yet she may make a gift thereof to him. *Cain* v. *Ligon,* 71 *Ga.* 692 (51 Am. R. 281); *Gordon* v. *Harris,* 141 *Ga.* 24 (80 S. E. 276).

2. Where a wife executes a deed conveying land to her husband, which states that the land was formerly purchased from other· persons by her husband and paid for by him, and he caused the title to be taken in the name of his wife by her consent, to subserve certain purposes which have since been accomplished, and as a matter of right the husband should have title in himself, and "in consideration of the premises" and natural love and affection she does hereby "convey," etc., such transaction does not amount to a contract of sale by the wife to the husband, but is in effect a gift. *Turner* v. *Woodward,* 133 *Ga.* 467 (66 S. E. 160).

3. Where a deed from a wife to her husband contains statements in substance as indicated in the preceding note, and recites a "further consideration of five dollars cash in hand paid," such deed upon its face is a contract of sale by the wife to her husband. *Martin* v. *White,* 115 *Ga.* 866 (42 S. E. 279); *Shackelford* v. *Orris,* 135 *Ga.* 29 (2) (68 S. E. 838).

4. A suit was instituted to cancel three deeds (copies of which were attached to the petition as exhibits A, B, and C) executed by a wife to her husband. One ground relied on for cancellation was that the deeds were void, because they were contracts of sale by the wife to the husband without the approval of the judge of the superior court of the county of her residence. A demurrer to this part of the petition was sustained. *Held:*

(a) Under application of the principle ruled in the preceding notes, the deeds referred to as exhibits A and B were prima facie deeds of gift, and the deed referred to as exhibit C was upon its face a contract of sale.

(b) While the demurrer was properly sustained in so far as it related to exhibits A and B, the judgment was erroneous in so far as it related to exhibit C.

(c) It was urged that if deeds A and B were valid, any error in sustaining the demurrer as to exhibit C would be harmless, as the other deeds were subsequent in point of date and embraced the same property. An inspection discloses that lot 114 in the 13th district and town lots three and six in block 15, which were embraced in deed C, were not embraced in either of the other deeds.

5. Considering the pleadings and evidence with all reasonable inferences and deductions therefrom, a case was made for consideration by the jury touching each of the deeds sought to be canceled upon the ground of fraud and undue influence as alleged in the petition. It was therefore erroneous to grant a nonsuit.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

No. 358.  December 15, 1917.

Equitable petition. Before Judge Wright. Chattooga superior court. March 13, 1917.

*John D. & E. S. Taylor, McHenry & Porter,* and *W. M. Henry,* for plaintiffs. *C. D. Rivers, Wesley Shropshire,* and *Maddox & Doyal,* for defendant.