### HOLLOMON *v.* BOARD OF EDUCATION OF STEWART COUNTY *et al.*

No. 6959.  APRIL 10, 1929.

*R. L. Maynard* and *Thomas W. Hardwick,* for plaintiff in error.
*R. S. Wimberly,* contra.

HINES, J. (After stating the foregoing facts.)

■ In the granting clause of his deed to the Board of Education, Pearson, "for and in consideration of five dollars to him in hand paid," bargained, granted, sold, and conveyed to said board, and its successors in office, a described acre of land, it being declared in this clause of the deed that said lot was "to be used by said Board of Education as a public school for whites." In the habendum clause said board was "to have and to hold the same for the uses aforesaid forever." For some years past the Board of .Education had not been conducting a school on said lot for white children, and had entered into negotiations with Hollomon for the sale to him of this lot. Hollomon, the grantee of Pearson, under a subsequent deed conveying a larger tract of land which embraces said lot, contends that the deed to the Board of Education does not convey the fee in said lot, but only an easement, or an estate on condition or limitation, which ceased and reverted to the grantor, or his assignee, when the Board of Education ceased to use the same as a school for white children. He further contends that the deed from Pearson to the board creates a trust, which has failed, and that in consequence a resulting trust is implied for the benefit of the grantor or his heirs. He further contends that said deed evidences a gift for a specific express purpose, which has failed, and that for this reason the board holds said land as trustee for the donor or his next of kin, or assignee. This makes it necessary to construe this deed, and to determine whether the above contentions are sound. This deed does not convey an estate less than the fee. Every conveyance, properly executed, must be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance. Civil

Code (1910), § 3659. This deed does not convey an easement. It ganted the land thereby conveyed for a specified use forever. In *Stovall* v. *Coggins Granite Co.*, 116 *Ga.* 376 (42 S. E. 723), the grant was of a strip of land for a right of way. An easement is "a right in the owner of one parcel of land, by reason of such ownership, to use the land of another for a special purpose not inconsistent with the general property in the owner." 2 Washburn Real Prop. (6th ed.) § 1225. Clearly, under this definition, the deed to the Board of Education does not create an easement in its favor. On the contrary, by its express terms it purports to grant, sell, and convey to the Board of Education the acre of land thereby conveyed. Its clear purpose was to vest the fee to this land in the board, but with a limitation of the uses to which the fee could be put. By the express terms of the deed the lot conveyed was to be used by the board for operating a public school for white people; and the board was to have and to hold the lot to said uses forever. So it seems clear that the purpose of this deed was to convey the fee in this lot to be used forever for the purposes aforesaid. In no proper sense does this deed undertake to convey an easement to the board.

Nor did an implied trust arise, under paragraph 4 of section 3739 of the Civil Code, in favor of the grantor in this deed from the fact that the Board of Education had discontinued the operation of a school for white children on this lot. The paragraph ·cited applies only where a trust is expressly created, or where no uses are declared, or where the uses are ineffectually declared or extend to a part of the estate, or the uses fail for any cause. No implied trust arises under this section in favor of the grantor in this deed, first, because it does not create an express trust; and second, because there had been no failure of such uses, if an express trust had been created, within the meaning of this section. It follows that it does not appear from the record that the trust, if one had been expressly created, had failed or had become impossible of accomplishment. *Huger* v. *Protestant Episcopal Church*, 137 *Ga.* 205 (73 S. E. 385).

This deed does not evidence a mere gift of this land by Pearson to the Board of Education. It was expressly executed for and in consideration of $5 cash in hand paid to the grantor. A conveyance which expresses as a consideration a sum of money, or any other thing which the law deems valuable, no matter how small

the sum or the value may be, can not be said as a matter of law to be a voluntary conveyance, or to evidence a gift of the property conveyed. *Martin* v. *While,* 115 *Ga.* 866 (42 S. E. 279) ; *Pierce* v. *Bemis,* 120 *Ga.* 536 (48 S. E. 128) ; *Dix* v. *Wilkinson,* 149 *Ga.* 103, 104 (99 S. E. 437). So it can not be held that, under section 4153 of the Civil Code, the Board of Education holds this lot as trustee for the donor or his next of kin, upon the theory that there was a gift of this land by Pearson to this board for a specific purpose which had failed.

Does this deed create an estate on condition subsequent? An estate on condition is one granted either in fee simple or otherwise, with an express qualification annexed, where the estate should either commence, be enlarged, or defeated, upon performance or breach of such qualification or condition. These conditions may be either precedent or subsequent. Civil Code (1910), §§ 3716, 3717. Conditions which go to the defeat of an estate must be strictly construed. § 4224. The law inclines to construe conditions subsequent to be remediable in damages, rather than by forfeiture. *Hilton* v. *Central of Ga. Ry. Co.,* 146 *Ga.* 812 (92 S. E. 642). "A deed will not be construed as a grant on condition subsequent, unless the language used by express terms creates an estate on condition, or unless the intent of the grantor to create a conditional estate is manifest from the reading of the entire instrument." *Thompson* v. *Hart,* 133 *Ga.* 540 (66 S. E. 270) ; 2 Washburn, Real Prop. (6th ed.) § 942. In *Self* v. *Billings,* 139 *Ga.* 400 (77 S. E. 562), this court held that "the recitals in a deed relied upon to create an estate upon condition are to be construed in connection with the entire instrument, looking always to the intention of the parties, giving to any technical words employed the meaning intended by the parties, so far as ascertainable from the instrument, rather than their technical meaning; and if, upon a strict construction of the deed in its entirety (there being no express words of defeasance), it should be doubtful whether the instrument created an estate upon condition subsequent, or the words employed imported covenant, the latter construction should be adopted." The language of this deed does not expressly create an estate on condition. Is the intent of the grantor to create a conditional estate manifest from a reading of the entire instrument? The only language in this deed which bears upon this question is the provision that this lot is "to be used

by said Board of Education as a public school for whites," and that said board is to have and to hold the same for said use. So the grant of this lot was for a specified purpose. It is manifest from this provision that it was the intent of the grantor to create a conditional estate? A condition subsequent will not be raised by implication from a declaration in a deed that the grant is made for a special or particular purpose, without being coupled with words appropriate to make such a condition. Where the grant is for a named purpose only, with no words of reverter or of limitation, such grant is a mere declaration of the purpose to which the land conveyed was intended to be used, and in such a case there is no reversion. *Tift* v. *Savannah &c. Ry. Co.,* 103 *Ga.* 580 (30 S. E. 266) ; *Thompson* v. *Hart,* supra; McElroy *v.* Pope, 153 Ky. 108 (154 S. W. 903, 44 L. R. A. (N. S.) 1220) ; Faith *v.* Bowles, 86 Md. 13 (37 Atl. 711, 63 Am. St. R. 489) ; Raley *v.* Umatilla County, 15 Ore. 172 (13 Pac. 890, 3 Am. St. R. 142) ; Carroll County Academy *v.* Trustees of Gallatin Academy, 104 Ky. 621 (47 S. W. 617) ; Hunter *v.* Murfee, 126 Ala. 123 (28 So. 7) ; Curtis *v.* Board of Education, 43 Kan. 138 (23 Pac. 98) ; Newpoint Lodge *v.* School Town of Newpoint, 138 Ind. 141 (37 N. E. 650) ; Fitzgerald *v.* Modoc County, 164 Cal. 493 (129 Pac. 794, 44 L. R. A. (N. S.) 1229) ; Kilpatrick *v.* Baltimore, 81 Md. 179 (31 Atl. 805, 27 L. R. A. 643, 48 Am. St. R. 509) ; Murphy *v.* Metz (Ky.), 85 S. W. 1097; Rawson *v.* School Dist., 7 Allen (89 Mass.) 125 (83 Am. D. 670) ; Heaston *v.* Randolph County Comrs., 20 Ind. 398; Barker *v.* Barrows, 138 Mass. 578; Coburn *v.* Coxeter, 51 N. H. 158; 18 C. J. 371, § 405; Ecroyd *v.* Coggeshall, 21 R. I. 1 (41 Atl. 260, 79 Am. St. R. 741).

Does this deed convey an estate upon a conditional limitation? An estate upon condition, properly speaking, differs from what is known as a conditional limitation. In either case the estate is a conditional one. In the case of an estate on condition, though the event happened upon which the estate may be defeated, it requires some act to be done, such as making an entry, in order to effect this. In the case of an estate upon a conditional limitation, the happening of the event is in itself the limit beyond which the estate no longer exists, but the estate is determined by the operation of the law, without requiring any act to be done by any one. 2 Washburn, Real Prop. (6th ed.) §§ 970, 971; *Norris* v. *Milner,* 20

*Ga.* 563; *Atlanta &c. R. Co.* v. *Jackson,* 108 *Ga.* 634, 637 (34 S. E. 184). On this subject Washburn says: "The distinction between condition and limitation is that the latter determines the estate of itself; the former, to have that effect, requires some act of election on the part of him or his heirs in whose favor the condition is created. 'A condition respects the destruction and determination of an estate; a conditional limitation relates to the commencement of a new one. A condition brings the estate back to the grantor or his heirs; a conditional limitation carries it over to a stranger.'" Id. § 971. In the instant case there is no limitation of the estate granted to a stranger. For this reason no estate upon conditional limitation is created by this deed. A mere limitation of the use of property does not amount to a limitation of the estate created.

So we are of the opinion that the deed in question does not create an estate on condition subsequent nor an estate with a conditional limitation. This conclusion is fully born out by decisions of this court to which we shall now refer. In *Thornton* v. *Trammell,* 39 *Ga.* 202, a deed conveyed an unconditional fee-simple title to a tract of land. The deed contained this provision "It being expressly understood by the parties that the said tract or parcel of land is not to be put to any other use than that of a depot square, and that no business or improvements are to be put on said tract but that which is immediately connected with the Western and Atlantic Railroad." This court held that these words in the deed were words of covenant, and not words of condition; and that the plaintiff's remedy for a beach thereof was an action thereon for damages, and not a forfeiture of the estate. In that case there was a dissenting opinion; but we believe that the decision of the majority expresses the sounder law. In *Mayor &c. of Macon* v. *E. T., V. & Ga. Ry. Co.,* 82 *Ga.* 501 (9 S. E. 1127), there was a grant by the City of Macon of land for railroad purpose "for so long as the property should be used for railroad purposes." There was no consideration for the grant save the local benefits which might result from the use of premises for railroad purposes. This court properly held that the grant was made with the limitation that the estate acquired was to exist only so long as the property was used for the purposes specified, and that the grant marked the limit or boundary beyond which the estate conveyed could not continue. In that case there was a clear limitation of the estate

granted. In the deed which we are now considering there was no such limitation. In *Atlanta &c. R. Co.* v. *Jackson,* supra, the deed contained this habendum clause: "To hold and to have so long as the party of the second part . . uses the said right of way . . for all legitimate railroad purposes as herein set forth, and no other." Here there was a limitation of the estate granted. The estate was to continue only so long as the railway company used the right of way for legitimate railroad purposes. In *Lawson* v. *Ga. So. & Fla. Ry. Co.,* 142 *Ga.* 14 (82 S: E. 233), the deed contained this habendum clause: "To have and to hold said parcel of land to said railroad, their assigns, for railroad purposes only, and for the time they shall so use it." Here clearly there was a limitation of the estate granted. In *Thompson* v. *Hart,* supra, we held that there was no ruling in *Jackson* v. *Dougherty County,* 99 *Ga.* 185 (25 S. E. 625), in conflict with what was held in the *Thompson* case, although certain language in the *Jackson* case would seem to indicate that the writer held a different opinion. This differentiation is applicable in the present case. This court followed the decision in *Thompson* v. *Hart,* in *City of Atlanta* v. *Jones,* 135 *Ga.* 376 (69 S. E. 571), and held that language merely specifying the use for which property is granted does not create a condition subsequent. In that decision the court said: "If parties desire that a forfeiture shall result, or that an estate shall terminate because of the breach of a covenant, or failure to use the property for the purposes mentioned in the deed, they should so state."

Counsel for Hollomon rely upon the cases of Fall Creek Township *v.* Shuman, 55 Ind. App. 232 (103 N. E. 677), Polebitzke *v.* John Week Lumber Co., 157 Wis. 377 (147 N. W. 703, Ann. Cas. 1916B, 604), Abercrombie *v.* Simmons, 71 Kan. 538 (81 Pac. 208, 1 L. R. A. (N. S.) 806, 114 Am. St. R. 509, 6 Ann. Cas. 239), and Pennsylvania Horticultural Society *v.* Craig, 240 Pa. 137 (87 Atl. 678), to support their contention that the true law upon this subject is contrary to what we hold. In the case first cited the grant was of land to trustees of a school district so long as used for school purposes. Here there was an express limitation of the estate granted. It is true in that case that the court said that "If the original grantor had stated in terms that the land was conveyed to the township to be used for school purposes, it would have been a condition subsequent;" but this remark was made upon a statement

of facts not involved in that case and not for decision by the court. In the Polebitzke case the grant was of land "for the purpose of rafting and boomage." In that case the court held that the instrument conveyed to the grantee at least a limited fee, and did not merely create an easement for rafting and boomage. In other words, the court held that the limitation was one of use, and not an easement. The court did not hold that the language of the conveyance created an estate on a conditional limitation, which would terminate upon the happening of some specified condition. In the Abercrombie case the grant was of a strip of land to a railroad company for a right of way. The court held that the deed did not vest an absolute title in the railroad company, but conveyed an interest limited by the use for which the land was acquired. The court did not hold that it was an estate upon conditional limitation. In Pennsylvania Horticultural Society v. Craig, there was a provision for reversion to the grantor or her heirs if at any time the grantee, which was a society, should cease to use the property, or cease to exist. There are decisions which hold to the contrary of the conclusion reached by us; but the weight of authority and reasoning are in harmony with the principles announced by us above.

■ It is insisted that the deed from Pearson to the Board of Education is void for lack of sufficient description, and that for this reason the court erred in granting an interlocutory injunction. The description of the land conveyed by this deed is as follows: "One acre of lot No. 14 in 32nd district of said county [Stewart], situate on the west side of the public road at Brooklyn in said county and being the lot whereon stands a public schoolhouse." The land conveyed by this deed is "one acre." It is in land lot 14 in the 32d district of Stewart County. It is situate on the west side of the public road at Brooklyn, and is the lot whereon stands a public schoolhouse. This deed is not void for lack of sufficient description, it being shown that at the time of the execution of this deed there was a schoolhouse on this lot, and that the lot was in the shape of a square, with well-defined boundaries, and that the Board of Education had been in possession of it for twenty-five years. Brice v. Sheffield, 118 Ga. 128 (44 S. E. 843).

■ The rights of Pearson or his grantee for the recovery of damages for breach of covenant, or to restrain the Board of Education

from using this lot for any other purpose than that designated in this deed, are not now for decision by this court.

*Judgment affirmed. All the Justices concur.*