GLENN, ordinary, next friend, *v.* TANKERSLEY *et al.*

JENKINS, Justice. 1. If the verdict was not demanded by the law and the evidence, the Supreme Court will not disturb the first grant of a new trial, and will not determine special grounds of the motion; and this is true irrespective of whether or not the new trial may have been granted on such a ground. *Cox* v. *Grady*, 132 *Ga.* 368 (64 S. E. 262), and cit.; *Weinkle* v. *Brunswick &c. Railroad Co.*, 107 *Ga.* 367 (33 S. E. 471); *Jones Motor Co.* v. *Finch Motor Co.*, 34 *Ga. App.* 399 (129 S. E. 915).

2. The description in the deed upon which the claimants relied sufficiently identified the property as the land levied upon.

3. "Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance" is "fraudulent in law against creditors and others, and as to them null and void." Code, § 28-201, and subsection 3.

4. A conveyance by a father to his children, which recites as a consideration love and affection and five dollars, is not on its face a voluntary conveyance. *Martin* v. *White*, 115 *Ga.* 866 (42 S. E. 279); *Pierce* v. *Bemis*, 120 *Ga.* 536 (48 S. E. 128). Whether such a conveyance be in fact voluntary depends upon the intention of the parties, which is to be ascertained from the facts and circumstances at the time of its execution. *Shackelford* v. *Orris*, 135 *Ga.* 29 (2) (68 S. E. 838). In this case no additional fact or circumstance bearing upon such a question appeared, such as, for instance, the physical condition of the property or its encumbrance with superior liens.

5. "Every conveyance of real or personal estate, by writing or otherwise . . had or made with intention to delay or defraud creditors, and such intention known to the party taking," is "fraudulent in law against creditors and others, and as to them null and void." Code, § 28-201, par. 2.

6. If after a conveyance of property the grantor is allowed to retain and remain in possession, this is sufficient prima facie to establish the fact of fraud under each of the Code sections quoted; and it is then incumbent upon the grantee claiming under the conveyance to establish as a fact that the grantor's possession was not by any right of ownership (*Patterson Co.* v. *Peoples Loan Co.*, 158 *Ga.* 503, 507, 123 S. E. 704,

and cit.), or, upon his failure to do so, that the grantor was not insolvent at the time of such conveyance, and that, even if solvent, any intention of the grantor to delay or defraud his creditors was unknown to the grantee at the time of the conveyance. See *Cothran* v. *Forsyth*, 68 *Ga.* 560, 567; 27 C. J. 788, § 715, 797.

7. While the return of the levying officer is sufficient prima facie to establish the fact as to who was in possession at the time of the levy, such an entry is not sufficient to show that the claimant had never been in possession of the property under a previous conveyance. See *Glenn* v. *Burgess*, 160 *Ga.* 348 (2) (127 S. E. 757). The doctrine of continuity, that is, that a state of things proved to have once existed is presumed to have continued to exist until a change or some adequate cause of change appears (*Anderson* v. *Blythe*, 54 *Ga.* 507, 508), does not include a presumption either that something shown to exist will continue in the future, or that it had previously existed. The doctrine is limited to the presumption that something which has been shown to have existed *has* thereafter continued to exist.

8. In this case, the entry of levy by the sheriff recited that the defendant in fi. fa., the father of the claimants, was in possession of the property at the time of the levy, which was five years after the execution of the deed relied on by the claimants. There was proof that the debt represented by the fi. fa. was in existence at the time of the conveyance, and that suit thereon was filed before the conveyance was recorded. Here the evidence for both parties stopped. There was no proof that the claimants had never been in possession of the property under the father's deed. Under the preceding rules, since there was an absence of proof as to the grantor's continued possession subsequently to his conveyance, the proof of the plaintiff in fi. fa. was not prima facie controlling, in the absence of proof that the deed was in fact voluntary and that the grantor was insolvent at the time it was made, or that, even if solvent, knowledge existed on the part of the grantee claimants of any intention on the grantor's part to delay or defraud his creditors. Accordingly, since the evidence did not demand a finding in favor of the plaintiff in fi. fa., it can not be held as a matter of law that the judge abused his discretion in ·granting a first new trial, after having directed a verdict in favor of the plaintiff in fi. fa.

*Judgment affirmed. All the Justices concur except Russell, C. J., absent because of illness.*

No. 12482.   NOVEMBER 19, 1938.

*D. G. Meeks* and *McDonald & McDonald,* for plaintiff in error.
*I. J. Bussell, C. W. Bussell,* and *Henry B. Sutlon,* contra.