PHARR *v.* PHARR *et. al.*

No. 16912.  JANUARY 12, 1950.

*W. A. Slaton,* for plaintiff.
*Earle Norman,* for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) Counsel for Mrs. Hallie S. Pharr insists "that in its final analysis the real issue is that the evidence does not support the verdict, and for that reason the judgment of the court should be reversed."

The Code, § 28-201, declares in part that the following acts shall be fraudulent in law: "2. Every conveyance . . made with intention to delay or defraud creditors, and such intention known to the party taking. A bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid. 3. Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance."

The deed in question, having recited a consideration of love and affection for the grantee and $5, was not upon its face a voluntary conveyance, but was prima facie a deed based on valuable consideration. *Martin* v. *White*, 115 *Ga.* 866 (1) (42 S. E. 279); *Pierce* v. *Bemis*, 120 *Ga.* 536 (1) (48 S. E. 128); *Hollomon* v. *Board of Education of Stewart County*, 168 *Ga.* 359 (1-c) (147 S. E. 882); *Morris* v. *Mobley*, 171 *Ga.* 224 (7) (155 S. E. 8); *Glenn* v. *Tankersley*, 187 *Ga.* 129 (4) (200 S. E. 709); *Coleman* v. *Durden*, 193 *Ga.* 76 (6) (17 S. E. 2d, 176); *Avary* v. *Avary*, 202 *Ga.* 22, 33 (6) (41 S. E. 2d, 314); *Neal* v. *Stapleton*, 203 *Ga.* 236, 243 (46 S. E. 2d, 130).

Whether a conveyance is in fact voluntary depends upon the intention of the parties, which is to be ascertained from the facts and circumstances at the time of its execution. *Shackelford* v. *Orris*, 135 *Ga.* 29 (2) (68 S. E. 838). The plaintiff in the present case offered no evidence on this question, other than that the value of the property was $7000, and that it was returned for taxes in the defendant's name in 1946 and 1947. However, the plaintiff insists that the evidence for the claimant, showing that the latter was paid a salary of $80 a month during the period she worked in the defendant's office, and that the deed was executed within a month after she married him, demanded a finding that the deed was voluntary. In giving the above testimony the claimant stated that the $5 and love and affection stated in the deed was not the entire consideration. If no additional fact or circumstance bearing upon such a question had

appeared, the presumption of a valuable consideration would not have been rebutted. *Lifsey* v. *Mims*, 193 *Ga.* 780 (4) (20 S. E. 2d, 32). The evidence as to the value of the property was conflicting, and the testimony for the claimant explained why the property had been returned for taxes in the defendant's name. In these circumstances, even though the evidence to the effect that Pharr conveyed the property to the claimant because he had always paid her less than she was worth was, as contended by the plaintiff, insufficient in itself to show a valuable consideration, this fact merely constituted a failure to establish consideration over and beyond the $5 love and affection stated in the deed, and such failure to show additional consideration would not demand a finding that the presumption of a valuable consideration had been rebutted.

Furthermore, assuming the conveyance to have been voluntary, how stands the case? The uncontradicted evidence shows that the deed was executed and delivered to the claimant on September 15, 1945, and that thereafter the defendant paid the monthly instalments of alimony up to and including March 1, 1948. No lien was expressly created by the judgment for alimony on real estate of the husband, and no debtor and creditor relation is disclosed other than the duty to pay alimony each month. This court has held that a judgment for permanent alimony payable in stated monthly instalments, and not for a fixed gross sum, does not create a lien for future monthly instalments on real estate, where no lien is expressly created upon such property in the judgment for alimony. *Chero-Cola Co.* v. *May*, 169 *Ga.* 273 (149 S. E. 895, 66 A.L.R. 1469); *Wallace* v. *Wallace,* 189 *Ga.* 220 (5 S. E. 2d, 580). "A voluntary conveyance made by a husband solvent at the time, to his wife and children, is binding as against creditors." *Brown* v. *Spivey*, 53 *Ga.* 155 (2). But even though the husband was not insolvent, still if, by a voluntary conveyance, he should deprive himself of all property, which would be subject to legal process, such conveyance, as to creditors, would be prima facie fraudulent, and it would be incumbent on the grantee to show, not only that the grantor was solvent, but that the conveyance was made in good faith, and not with the intention to hinder, delay, or defraud his creditors. *Cothran* v. *Forsyth*, 68 *Ga.* 560, 567; *Cohen* v. *Parish*,

100 *Ga.* 335 (2) (28 S. E. 122) ; *McLendon* v. *Reynolds Grocery Co.,* 160 *Ga.* 763 (3) (129 S. E. 65) ; *Betton* v. *Avery,* 183 *Ga.* 559, 561 (4) (188 S. E. 901). These were question of fact for the jury to pass upon, and evidence that the monthly instalments of alimony were paid from the date of the conveyance (September 15, 1945) up to and including March 1, 1948, during which time the defendant held the office of clerk of the superior court, together with positive testimony that the deed was not made to hinder, delay, or defraud creditors, was sufficient to authorize the jury to find that the grantor was not insolvent at the time the deed was executed and that the conveyance was not made to defraud the plaintiff. Accordingly, there is no merit in the contention that the evidence does not support the verdict.

The first special ground of the motion for new trial complains of the charge: "That a husband may be indebted to his wife, and that said indebtedness may be bona fide. It is entirely a question for you to determine whether it is or not. And I charge you that, if there is a bona fide indebtedness of the husband to the wife, he has the right to convey the property to her where it is not done for the purpose of hindering, delaying, or defrauding creditors, and if it was done for the purpose of hindering, delaying, or defrauding creditors and such intention was not known to her, it would still be a good conveyance." This charge states a sound abstract principle of law (Code, § 28-201 (2) ; *Booker* v. *Worrill,* 55 *Ga.* 332 (1) ; *Turner* v. *Woodward,* 133 *Ga.* 467, 66 S. E. 160) and is not subject to the criticism that the charge was not authorized by the evidence, that it submitted to the jury an issue not supported by the evidence, and that under the facts the charge was confusing to the jury.

Special ground 2 complains because the court charged "that, unless the property of a person, whether real or personal, tangible or intangible, leviable or non-leviable, is insufficient in value to discharge all of his debts, he can in no proper sense be termed as insolvent." The above language appears to have been taken from *Keeter* v. *Bank of Ellijay,* 190 *Ga.* 525, 526-527 (9 S. E. 2d, 761). While it is not always proper for the court to charge the jury in language used in one of the decisions of this court (*Hogan* v. *Hogan,* 196 *Ga.* 822 (4), 28 S. E. 2d, 74, and citations),

360

nevertheless the charge excepted to was authorized by the evidence, and was not subject to the criticism that the evidence shows that the grantor conveyed to his wife substantially all of his property.

Special ground 3 complains of the charge: "A bona fide sale of property, not made to hinder, delay, or defraud creditors is not rendered invalid because the vendor may have been insolvent at the time. A voluntary deed from a husband to his wife, executed and delivered in good faith and at a time when he was entirely solvent, passes title to the wife, and the lien of a judgment subsequently obtained against the grantor did not attach to the property thereby conveyed, although such judgment was rendered before the deed was recorded." This charge states correct principles of law (Code, § 28-201 (1); *Lytle* v. *Black*, 107 *Ga.* 386 (33 S. E. 414); *Hadden* v. *McQueen*, 138 *Ga.* 406, 75 S. E. 333), and is not subject to the criticism that it was not adapted to the issues in the case.

Special ground 4 complains because the court failed to charge, without request, "the principle of law, that if a husband, for an insignificant consideration, conveys a large amount of property to his wife, so that the conveyance rendered the husband insolvent, such deed would be void as against creditors, because the effect of such a conveyance would be to hinder, delay, or defraud creditors." The court instructed the jury: "If you believe from the evidence that the wife was a creditor of the husband, and he conveyed property to her of a value grossly in excess of the amount due her, then you should find in favor of the cancellation of the conveyance." If further instructions were desired on the above question, an appropriate request should have been made therefor.

It follows that the court did not err in overruling the plaintiff's amended motion for new trial for any reason assigned.

*Judgment affirmed. All the Justices concur.*