JUDGE PETERS
delivered the opinion op the court:
This action was brought by appellees, as trustees of Wesley Chapel, a congregation of the Methodist Episcopal Church, South, against appellant, to obtain the conveyance of an acre of ground on which said chapel is located, of which he is the legal title-holder.
It is alleged in the petition, in substance, that, by the discipline of said denomination of Christians, the houses of worship of each local congregation is required to be held by persons designated and properly constituted trustees, for the use of such local congregations, and that appellees are the legally constituted trustees for said chapel.
That, before the erection of said house, application was made to appellant (he then being a member of the Methodist Episcopal Church, South) for the ground to build it on; and he promised to donate an acre of ground for that purpose, and signed a writing, binding himself to convey one acre of ground upon which said house is located, to the use of the local congregation; that he not only saw the work while it was progressing, but aided in building the house on the corner of his land designated, and it was built there on the faith that he would convey the land according to his written agreement, whenever requested to do so. That the house was built at a cost of about five hundred dollars, and the congregation used the same as a house of worship for about five years, without objection on the part of appellant, he being a member of the church; but that recently, before the action was instituted, said McDaniel, with some other members of said local congregation, had seceded from a large majority of the church, and have *236 attached themselves to the Methodist Episcopal Church, and claim said house and appurtenances, and deny that appellees have any right to the same. That appellant, McDaniel had removed two stoves, two barrels of lime, and about one thousand feet of lumber, from the premises, and appropriated the same to his own use, and he and his associates had notified appellees not to remove any thing from the house, and had refused to permit them to use it; and conclude with a prayer for a conveyance of the acre of ground on w'hich the house is situate, and for the value of the stoves, lime, and lumber removed; and if they, cannot obtain that relief, then they pray for a judgment for five hundred dollars, the cost of said building, and for general relief.
McDaniel demurred to the petition, which was overruled, and he then filed an answer, and joined with tw’o others, claiming to be trustees of said chapel, in a petition to be made defendants to the action as trustees, and filed their answer and cross-petition, to which appellees demurred; their demurrer was sustained, and appellants failing to answer, further judgment was rendered against McDaniel, requiring him to convey to the plaintiffs below, in their character of trustees of Wesley Chapel, one acre of ground, on which said house stands, in proper form, “ to be used and enjoyed by the community of Christians known as the Methodist Episcopal Church, South, for church and school purposes; and it is further adjudged by the court, that should the community of Christians known as the Methodist Episcopal Church, South, openly abandon said church house, and cease to use the same for church purposes, then, and in that case, the title is to revert, and vest in the said Aaron McDaniel;” and in case the title should again vest in him, the trustees of said community of Christians known as the Methodist Episcopal Church, *237 South, shall have the right to remove from the land said house, and all property appertaining to the same, &c.; and if said McDaniel fails to make said conveyance, a commissioner was appointed to convey the property.
The controversy as to the lumber, lime, and stoves was continued, and to reverse the judgment for a conveyance of the title to the real estate this appeal is prosecuted by McDaniel.
It was fatally erroneous to require appellant to convey the ground “for church and school purposes,” if the judgment was otherwise unobjectionable. It is not alleged that McDaniel ever undertook or promised, by writing or otherwise, to convey the land for school purposes. He might have been willing to dedicate his land to the benefit of the church, when he could not have been induced to agree that a school should be taught there. But, without undertaking to assign any reason why he might have refused, to agree to dedicate his land to educational purposes, it is sufficient that it is not alleged that he did so, and the court had no power to make the dedication for him.
Again, although it is alleged that appellant promised, in writing, to convey the land for the use of the local congregation of the Methodist Episcopal Church, South, it is not, throughout the length of the very extended petition, once stated that said congregation had continued to use the house as a house of worship, or wished to do so; but, from the remarkable omission to make the allegation, and from the exhibit B filed as a part of the petitiorj, and the failure to controvert the statement therein that appellees intended to remove the seats and flooring, it is rather to be understood that they had abandoned the house as a place of worship,, and intended to appropriate the seats *238 and floors to a different and unauthorized purpose, or to remove them to another house.
The alleged undertaking of McDaniel to convey the ground was not upon a valuable consideration, but a voluntary dedication thereof to the use of the congregation; consequently, if the congregation should cease to occupy it, and the uses to which it was dedicated wholly fail, the estate, if he had conveyed it, would revert to him or his heirs; and, a fortiori, if the use had failed before the conveyance was made, he would be under no obligations to convey the ground.
Unless appellees, and the local congregation which they represent, used and occupied said house for the purpose for which it was erected, as expressed in exhibit A filed with their petition, and in good faith intended to continue so to use and occupy it, they have no right to a conveyance of the ground, and to entitle them to the relief sought they should have alleged these facts; and having failed to do so, the demurrer to the petition should have been sustained.
Wherefore, the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion. Appellees, upon the return of the cause, should be permitted to amend their petition, if they should offer to do so in reasonable time.