## McElroy v. Pope.

(Decided March 25, 1913.)

### Appeal from Washington Circuit Court.

Deeds—Conveyance to School Trustees—Absence of Provision as to Reversion—Construction of.—Under a deed by which the grantor conveys for a valuable consideration land to school trustees, and it is stated in the deed that the land is "to remain in common school grounds forever," but without any provision that it shall revert to the grantor if not so used, the grantor cannot recover the land when it ceases to be used for school purposes, and is sold by the school trustees to a third person.

BEN SPALDING for appellant.

JNO. A. POLIN, W. F. GRIGSBY and T. SCOTT MAYES for appellee.

Opinion of the Court by Chief Justice Hobson— Affirming.

The Board of Education for Washington County on December 31, 1909, sold and conveyed to Charles Pope for the consideration of $515, three-fourths of an acre of land, which had theretofore been used for school purposes in District No. 50. Cecil S. McElroy, who had sold the land to the school trustees brought this suit against Charles Pope to recover it, on the ground that when it ceased to be used for school purposes it reverted to him. The circuit court dismissed his petition, and he appeals.

The rights of the parties depend upon the construction of the deed made by McElroy to the school trustees which is in these words:

"I, Cecil S. McElroy, of the County of Washington and State of Kentucky, do hereby sell and deed to Thomas Cregor, J. F. Rinehart and Thos. O. Wilson, of the county and State aforesaid, trustees of the District No. 50 School kept at the school house near the present residence of Mr. Isaac H. Froman, three-quarters of an acre of land off of the east end of the farm on which I now live for a common school ground for the district in which the aforesaid school house is situated. The aforesaid three-quarters of an acre is hereby sold and conveyed to the aforesaid trustees and their successors in office of trustees to remain in common school grounds forever for the community hereabout and is bounded on the west by the aforesaid farm off of which it has been taken and on the South and East by the lands of C. F. Bosley, and on the north by the farm of the aforesaid Isaac H. Froman. The receipt of fifty dollars of the aforesaid Thomas Cregor for and in consideration of the said school ground is hereby acknowledged. Also my wife, Francis M. McElroy, having signed away her right of dower in the aforesaid farm at public sale of same to Harvey Sweney of Lebanon on the 15th day of October, 1863, did in the same act relinquish her right in the aforesaid lot, it being then a part of the same.

"In witness whereof we hereunto set our hands and seals this 3rd day of March, 1864.

"Cecil S. McElroy,
"Fannie M. McElroy."

The above deed was not acknowledged or recorded but the property had been held under it since it was made.

The failure of the parties to acknowledge the deed or have it recorded does not affect its validity, and is not material in the determination of its effect; for the rights of the parties must depend upon the proper construction of the instrument. It will be observed that there is no provision in the deed that the property shall revert to the grantors, if it ceases to be used as a common school ground and that the deed is made in consideration of $50 paid by Thomas Cregor. We have held in a number of cases that if property is donated to a certain charity, it reverts to the donor, when the charitable use to which it is dedicated, ceases. (McDaniel v. Watson, 4 Bush 238, Morrow v. Slaughter, 5 Bush 331, Trustees of General Assembly v. Alexander, 20 R., 391, Taylor v. Rogers, 130 Ky., 112.) But we have not applied the same rule where land was conveyed for a valuable consideration, and there was no clause in the deed providing for a reversion to the grantor. In Carroll County Academy v. Gallatin Academy Company, 104 Ky., 621, the property was conveyed for a nominal consideration upon condition that the grantee should erect thereon suitable buildings for a high school, and that it should always thereafter be devoted to school purposes, whether it was retained by defendant or passed into other hands. The grantors brought a suit claiming that the defendant had abandoned the property for school purposes. Refusing a recovery the court said:

"It is a rule of law that conditions subsequent are not favored because they tend to destroy estates; and, if it be doubtful whether a clause in a deed be a condition or a covenant, courts will incline to the latter construction."

In Fuquay's Heirs v. Trustees of Hopkins Academy, 22 R. 744, the deed was made in consideration of the trustees having fixed on the land of Fuquay as a proper place for erecting the building for an academy, as a permanent site for it. After many years his heirs brought a suit to recover the property on the ground that it had ceased to be used for the purposes for which it was deeded. Refusing a recovery the court said:

"The language which we have quoted does not indicate that it was a donation. The consideration for the conveyance is that the trustees had fixed on the land of the grantor as a permanent site for erecting an academy building. The trustees of the academy were authorized

to acquire real estate for the purpose of conducting a school. The trustees referred to were not trustees to hold property for the benefit of the public, but for the corporation. In consideration that they had selected a site for the building on the land of the grantor, he conveyed it to them forever. There is no condition or restriction imposed by the terms of the deed. The title to the land vested in the trustees, and no qualification accompanied the conveyance which made it a defeasible fee. Conditions subsequent are not favored in law, and are strictly construed because they tend to destroy estates. The words 'permanent site' were not used in the deed with the view of compelling the trustees to maintain forever a building and school upon the property conveyed, but were rather descriptive of the nature of the use for which the trustees had selected the land.''

In the subsequent case of Murphy v. Metz, 27 R. 617, where a deed read practically as the one before us, except that the deed in that case also contained the words ''And for no other purpose,'' refusing a recovery, the court said:

''The deed shows that the grantor was not a donor of a charity. If he had been, and there had been a failure in the object of the donation, the property would, by an implied trust, have reverted. The conveyance was made for a valuable consideration and for a presumptive commensurable consideration, without any reserved reversion.''

The authorities in other States are to the same effect. In Rawson v. School District, 83 Am. Dec. 670, where the land was granted to the town of Uxbridge, ''to their own proper use, benefit and behoof for a burying place forever,'' the town had sold the land to the school district for school purposes, and the grantor sued to recover it. Refusing a recovery the court, after a full discussion of the authorities, said:

''In the light of these principles and authorities, we cannot interpret the words in the deed of the defendant's ancestor, which declare that the premises were conveyed ''for a burying place forever,'' to be words of strict condition. Nor can we gather from them that they were so intended by the grantor. The grant was not purely voluntary. It was only partially so. It was not made solely in consideration of the love and affection which the grantor bore towards the grantees, but also ''for divers other

valuable considerations me moving hereunto.'' * * * * *
Language so equivocal cannot be construed as a condition
subsequent without disregarding that cardinal principle
of real property already referred to, that conditions sub-
sequent which defeat an estate are not favored or raised
by inference or implication.''

In Greene v. O'Connor, 19 L. R. A., 264, the deed was
made upon the condition that ''the strip of land shall be
forever kept open and used as a public highway and for
no other purpose.'' Holding this to be a covenant, and
that the grantor was not entitled to recover the land,
when not used as a public highway, the court said:

''The clause in question is merely a declaration of
the purpose for which the land conveyed was to be used
and improved, to-wit, as a public highway. It contains
no language which imports that the grant shall be void in
case the purpose for which the land is conveyed is not
carried out; nor does it reserve to the grantors and their
heirs, the right, in that event to re-enter on the land, and
resume possession of it as of their former estate. More-
over, the purpose is, in its nature, general and public,
and not one inuring specially to the benefit of the
grantors. Such a declaration does not create an estate on
condition, but merely imposes a confidence or trust on
the land, or raises an implied agreement on the part of
the grantee to use the land for the purpose specified.''

In Raley v. Umatilla Co., 3 Am. St. Rep., 142, the land
was conveyed for a valuable consideration ''for the spe-
cial use and none other for educational purposes.'' It
was held that the grantors could not recover the land,
though used for other purposes, as there was in the deed
no provision that its non-user for the purposes named
would defeat the title. In Faith v. Bowles, 63 Am. St.
Rep., 489, the land was conveyed for a valuable consid-
eration ''for a public school house.'' It was held that the
property did not revest in the grantor on the abandon-
ment of its use for school purposes. In Ecroyd v. Cogge-
shall, 79 Am. St. Rep., 741, the deed was made for a valu-
able consideration, the property to be used for a city hall,
there being no provision for re-entry or forfeiture. It
was held that the title of the city was not divested by
the use of the property for other purposes. In Huron
v. Wilcox, 106 Am. St. Rep. 788, the deed was made for
a valuable consideration reciting that the land was

granted to the city "for city hall purposes only." It was held that the city took an absolute title.

In these cases and in the notes thereto, a number of other opinions are collected. The rule there announced seems to us reasonable and sound. The law favors the vesting of estates. The grantor makes the deed. He chooses his own language. It is therefore just and right that the language of the deed should be construed against him; for if he wishes to protect himself against the use of the property for other purposes, he can so declare in the deed, and when he fails to do this a forfeiture of the title should not be declared where the property has been conveyed for a valuable consideration. It is true that previous to 1888 the school trustees were not required in the acquisition of land as a site for a school house to obtain the title in fee simple, but under the general powers conferred upon them theretofore by the statute, they were authorized to do so. (See General Statutes, 1873, chap. 18, art. 7, sec. 7.)

Judgment affirmed.