# Board of Councilmen of City of Frankfort, et al. v. Capital Hotel Company.

(Decided June 18, 1920.)

## Appeal from Franklin Circuit Court.

1. Deeds—Responsibility for Violation of Covenant—Breach of Condition Subsequent.—The legal responsibility for the violation of a covenant in a deed is a suit for specific performance or liability to respond in damages. For breach of a condition subsequent the estate is subject to forfeiture.

2. Deeds—Condition Subsequent.—A deed upon condition subsequent conveys the fee when it is executed but the fee passes subject to the contingency of being defeated as provided in the condition,, the grantor having the power to re-enter upon condition broken.

3. Deeds—Condition Subsequent.—Conditions subsequent are raised only by apt and sufficient words and the words must not only be such as of themselves import a condition, but must be so connected with the grant in the deed as to qualify or restrain it.

4. Deeds—Condition Subsequent—Construction.—A deed will not be construed to convey an estate on condition unless language is used which *ex proprio vigore* imports a condition or unless the intent of the grantor to make a conditional estate is otherwise clearly and unequivocally indicated.

5. Deeds—Covenant or Condition—Construction.—Where there is reasonable doubt whether a clause in a deed is a covenant or a condition, the courts are inclined against the latter.

6. Deeds—Creation of Estate on Condition.—An estate on condition cannot be created by deed except where the terms of the grant will admit of no other reasonable interpretation.

7. Deeds—Vesting of Estates.—The law favors the vesting of estates. The deed being that of the grantor, he may choose his own words; it is right therefore that the language of the deed should be construed against him.

8. Deeds—Restriction as to Use of Property.—A clause in a deed providing that the property should be forever kept and used for first class hotel and for no other purpose which contains no words or language that the deed should be void or the title forfeited in the event the land should cease to be used for hotel purposes, will be construed as a covenant and not a condition subsequent.

9. Deeds—Restriction as to Use of Property.—Where it is the manifest intention of the parties that property conveyed should be used for hotel purposes and none other, but contains no clause or stipulation entitling the grantor to a reversion or forfeiture, a suit to forfeit the title cannot be maintained, but the use of

the property for any purpose other than that of a hotel will not be permitted.

F. M. DAILEY, E. C. O'REAR and W. G. DEARING for appellants.

HAMILTON & POLSGROVE and GEORGE WEITZEL for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

The appellants, as plaintiffs below, instituted this suit for the purpose of forfeiting the title for breach of a condition subsequent in a deed to what was formerly known as "The Tavern" property on Main and Ann streets in the city of Frankfort, and which property was occupied by the Capital Hotel until its destruction by fire on April 5, 1917. A demurrer to the petition having been sustained appellants are seeking a reversal of the judgment of the circuit court.

It is alleged that some years prior to and during the time referred to in the petition there was considerable agitation in the state looking to the removal of the capitol from the city of Frankfort to some other place in the state; that at the beginning of said agitation and until the plaintiff provided a hotel there was no hotel in the city sufficient for the accommodation of the visiting public, or one in appearance compatible with the dignity of the city as the capital of the state.

By an act of the legislature passed in 1839 the board of councilmen of the city of Frankfort was authorized to acquire and hold real and personal estate. Pursuant to that act and of the demand of the public for a suitable hotel in Frankfort there was created by an act of 1851 the Capital Hotel Company. This is not the present defendant, and to avoid confusion we will refer to it as the "old company." The plaintiff subscribed to the capital stock of the old company $50,000.00, to be paid for in bonds of the city of Frankfort. This was all the capital of said corporation and the city issued and sold said bonds and applied the proceeds to the building of said hotel through its ancillary corporation. The board of directors of the old company were always the same persons as for the time being constituted the board of councilmen of plaintiff city; the old company became the agent and trustee of the city in respect to the hotel property and took the title to and held same for the use

and benefit of the city and not otherwise. The tavern property was purchased in 1852 from Thos. S. Theobald, and extensive improvements were made thereon, all of which, including the hotel structure, were paid for out of the public funds of the city. By a later act of the legislature the mayor and council of the city of Frankfort were given the power and authority to sell, convey and mortgage the hotel and grounds. Pursuant to this authority plaintiff did on October 26, 1864, sell said property to J. B. Aiken for $20,000.00, of which $1,000.00 was paid in cash. Aiken sold and assigned his purchase to John T. Gray and James Saffel. On February 12, 1866, the purchase money part of the consideration having been paid in full, the old company and the city, the latter through its mayor and board of councilmen, sold and conveyed said property to Gray and Saffel. The deed to Gray and Saffel contains this provision:

"And in further consideration that the party of the second part or his lessees, heirs or assigns or successors shall forever hereafter keep in said property a first class hotel and shall not use the property for any other purpose than the hotel business, and its legitimate branches without the consent of the party of the first part, or their successors or assigns, this limitation and restriction, running with the property, the said party of the first part have bargained and sold, etc."

Plaintiff says the foregoing was the moving and principal consideration for the sale of the property; that said condition should run with the property and charge each subsequent purchaser thereof with the obligation to observe and perform same as a binding condition upon which he took or held title to or possession of said property, a failure to observe which would constitute such a breach thereof as would result in the property reverting to the city; that all subsequent grantees of same, including defendant, took title and acquired possession of said property under and subject to said condition. By successive conveyances and transfers the title at the present time is vested in defendant.

It is alleged the property is no longer used as a hotel, nor has it been so used since the time of the fire aforesaid; that defendant has been using the property as a dwelling house for the last three years and has also a drug store upon same, and this use is without the consent of the plaintiff and contrary to the conditions men-

tioned in the deed to Gray and Saffel; that the old company has not been in existence for sixty odd years, and since plaintiff owned all the stock in the corporation, the property reverts to the old company for the use and benefit of plaintiffs and the latter is the equitable owner of same. Plaintiff asks that it be adjudged to own all the rights and interest of the old company in and to said real estate; that it be declared the owner of said lot and its appurtenances and entitled to the immediate possession of the property.

The question of first and decisive importance relates to the proper construction to be given the clause in the deed heretofore mentioned, i. e., whether said language should be construed as a covenant or a condition subsequent. If a covenant the legal responsibility for its violation is a suit for specific performance or a liability to respond in damages; if a condition subsequent a breach thereof will forfeit the estate.

A deed upon condition subsequent conveys the fee when it is executed, but the fee passes subject to the contingency of being defeated as provided in the condition, the grantor having the power to re-enter upon condition broken. Mere words will not be deemed sufficient to constitute a condition and to entail the consequences of the forfeiture of the estate unless such appears to have been the distinct intention of the grantor and the necessary understanding of the parties to the instrument. Conditions subsequent are raised only by apt and sufficient words. The words must not only be such as of themselves import a condition but must be so connected with the grant in the deed as to qualify or restrain it. The usual words of a condition subsequent are "provided," "so as," "so that," "if it shall happen," "or upon condition," the latter probably being the most appropriate, and it will be noticed that none of these expressions is found in the deed to Gray and Saffel. These words are not absolutely necessary to create an estate upon condition. Any words conveying the same meaning will be sufficient. A deed will not be construed to convey an estate on condition unless language is used which *ex proprio vigore* imports a condition, or unless the intent of the grantor to make a conditional estate is otherwise clearly and unequivocally indicated. Conditions subsequent are created only by express terms or clear implication, and such will not be

raised in a deed by implication from a mere declaration therein that the grant is made for a special or particular purpose. While no precise form of words is necessary to create a condition subsequent there must be some words which *ex vi termini* import that the vesting or continuance of the estate is to depend upon the supposed condition and the condition must be so, clear as to leave no doubt as to the grantor's intention. If there is any reasonable doubt as to whether the clause is a covenant or a condition the courts incline against the latter construction, and although apt words for the creation of a condition subsequent are employed yet in the absence of an express provision for re-entry or forfeiture the court, from the nature of the acts to be performed, by the language of the deed, from the relation and situation of the parties and from the entire instrument will determine the real intention of the parties. It seems clear that the clause in question was not intended as a condition subsequent, but was a covenant and one running with the property.

Where the deed contains a stipulation that upon the failure to perform a certain provision or provisions therein contained the deed shall become void or the estate forfeited, or if other language is used clearly indicating that the estate granted shall revest in the grantor upon a breach of certain provisions of the deed, such language indicates an intention to create a condition subsequent, the breach of which gives to the grantor a right to terminate the estate by re-entry after a breach of condition. An estate on condition cannot be created by deed except when the terms of the grant will admit of no other reasonable interpretation.

Clauses similar to the one referred to have frequently been before this court, and almost without exception they have been construed as covenants and not as conditions subsequent. For instance, in Carroll County Academy v. Gallatin Academy Co., 104 Ky. 621, 47 S. W. 617, the habendum clause in the deed involved was as follows:

"To have and to hold same unto said parties of the second part, their heirs and assigns, forever, on the condition and in trust that they shall erect and put up a suitable building or buildings for a high school or seminary of learning, and that same shall always be devoted

to school purposes, whether retained by said association or be passed into the hands of others.''

It was alleged in that case that the property was conveyed for a nominal consideration and upon the condition that the grantee or its successors in title should erect and maintain thereon suitable school buildings; that a school was maintained on the property for many years, but that the property had been abandoned for more than two years, which it was claimed violated the conditions of the trust. In construing this clause the court held that it did not create a subsequent condition of ownership, but a mere covenant on the part of defendant that the property should not be diverted from school purposes, and for the breach of which a forfeiture does not lie. The deed contained no language importing that the grant should be void in case the purpose for which the land was conveyed was not carried out, nor did it reserve to the grantors the right, in that event to re-enter on the land and resume possession of it as of their former estate.

See also Wright & Taylor v. County Board of Education, 151 Ky. 560, 152 S. W. 543; McElroy v. Pope, 153 Ky. 108, 154 S. W. 903, 44 L. R. A. (N. S.) 1220; Hughes, etc. v. Miller, 164 Ky. 449, 173 S. W. 631; Murphy v. Metz, etc., 27 R. 617, 85 S. W. 1097; 4 Kent Com. 126, 7 R. C. L. 1086; 8 R. C. L. 1100; Brady v. Gregory, 49 Ind. App. 355; Devlin on Deeds, section 970c; Thompson, et al. v. Hart, 133 Ga. 540, 66 S. E. 270; Ecroyd v. Coggeshall, 21 R. I. 1, 41 Atl. 260.

A very clear statement of the rule applicable in the construction of clauses such as the one under consideration is found in Rawson v. Inhabitants of School Dist. No. 5 in Uxbridge, 7 Allen (Mass.) 125, wherein the court says:

"A deed will not be construed to create an estate on condition, unless language is used which, according to the rules of law, *ex proprio vigore,* imports a condition, or the intent of the grantor to make a conditional estate is otherwise clearly and unequivocally indicated. Conditions subsequent are not favored in law. If it be doubtful whether a clause in a deed be a covenant or a condition, courts of law will always incline against the latter construction. Conditions are not to be raised readily by inference or argument. Co. Litt. 205b, 219b,

4 Kent. Com. (6th Ed.) 129, 132 Shep. Touchstone 133; Merrifield v. Covleigh, 4 Cush. 178, 184.

"In a deed on which the present controversy arises there are strictly speaking, no words of condition, such as of themselves import the creation of a conditional estate. . . . In grants from the crown and in devises, a conditional estate may be created by the use of words which declare that it is given or devised for a certain purpose, or with a particular intention, or on payment of a certain sum. But this rule is applicable only to those grants, or gifts which are purely voluntary, and where there is no other consideration moving the grantor or donor besides the purpose for which the estate is declared to be created. But such words do not make a condition when used in deeds of private persons. If one makes a feoffment in fee *ea intentione, ad effectum, ad prospositum,* and the like, the estate is not conditional, but absolute, notwithstanding. Co. Litt. 204 a. Dyer, *ubi supra.* Wood on Conveyancing, 290. Shep. Touchstone 123. These words must be conjoined in a deed with others giving a right to re-enter or declaring a forfeiture in a specified contingency, or the grant will not be deemed to be conditional."

Running through the foregoing authorities and many others that might be cited, it will be found that the rule of construction is based upon the principle that the law favors the vesting of estates. The deed is that of the grantor; he may choose his own words, therefore, it is just and right that the language of the deed should be construed against him. If he wishes to protect himself against the use of the property for other purposes he can so declare in the deed, if it is his intention to create a condition subsequent he can as readily do this, but when he fails so to do, a forfeiture of the title should not be declared, especially where, as here, the property has been conveyed for a valuable consideration. It is argued that the expressed consideration of $20,000.00 was only the money part of the consideration, but there is nothing in the deed indicating this was not the full consideration, nor is there anything showing that as of the date of the conveyance the payment of this sum was not a fair price for said property.

A condition subsequent is more readily employed in a voluntary deed than in one based upon a valuable consideration.

It will be observed that the deed contains no words or language that it should be void or the title forfeited in the event the land should cease to be used for hotel purposes.

As said in Devlin on Deeds, sec. 974, a provision for re-entry is one of the distinctive characteristics of an estate upon condition and when it is found that by any form of expression the grantor has reserved the right upon the happening of any event to re-enter and thereby revest in himself his former estate, it may be construed as such.

The courts have applied a very liberal rule for the construction of deeds or other instruments, by which an aged person has made a disposition of property for the purpose of providing for his own support in declining years, or for the purpose of providing for the support of a member of his family or some person in whom he had a special interest. The provisions in such deeds in reference to support have usually been held to constitute conditions subsequent, the breach of which rendered the estate granted defeasible. In most of such cases the support provided for is the sole consideration for the conveyance and the grantor, always in such cases, has a special interest in the performance of the act provided for in the deed. On account of these and other special circumstances which usually accompany conveyances of this character, deeds made in consideration of future support to be furnished by the grantee, have generally been held to create estates upon conditions subsequent.

It is argued on behalf of appellant that covenants are enforcible engagements and upon their breach the covenantee has two causes of action open to him, one an action in equity for specific enforcement, the other an action in damages; that there can be no covenant without one or the other of these remedies, and that a remediless covenant is as impossible as it is anomalous. Generally speaking this is true, but we find plaintiff has provided a remedy for a breach of the covenant and it must be relegated to that remedy, for the recovery of any relief to which it may appear to be entitled.

The predominant idea and the thought uppermost in the minds of the parties was the erection and maintenance of a hotel; any contrary use of the property would be in direct violation of the terms of the deed. The grantor did not provide for reversion or forfeiture in

case of breach, nor did it use words that by any implication could be construed as such, but it was the manifest intention to employ such language as would make it impossible for the grantee or any subsequent holder of the property to divert it to a use other than for hotel purposes.

Defendant filed a special demurrer to the petition on the ground that plaintiff did not have the legal capacity to sue. This having been overruled defendant prayed and was granted a cross-appeal. Under the allegations of the petition it is clear that this demurrer was not well taken and the lower court did not err in overruling same.

For the reasons hereinabove stated the judgment appealed from will be and is affirmed on both the original and cross appeals.

The whole court sitting.