# Honaker v. Hutchinson et al.

November 7, 1947.

R. Monroe Fields, Judge.

James W. Wine, Jr., guardian ad litem for appellant.

Kenneth A. Howe and L. D. May for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On November 30, 1921, Harold Williamson and wife, Gip Williamson, conveyed a house and lot jointly to their two living children, who were infants, "and any other children born to the parties of the first part as a result of their marriage," but conditioned "that if any of the parties of the second part, that is the children of the parties of the first part, die without children either before or after reaching their majority then the inter

est of such child or children to revert to *and be inherited* by such children as are living at the time of the death of any one or more of the children of the parties of the first part." (*Our italics*).

For a perfect understanding of the question for determination on this appeal we insert the deed in its entirety, excepting the signatures of the vendors:

"This Deed of Conveyance, made and entered into on this the 30th day of November, 1921, between Gip Williamson, and her husband, Harold Williamson, parties of the first part and Anna Thornton Williamson and Henritta Williamson, their daughters and any other children born to the parties of the first part as a result of their marriage to each other, parties of the second part.

"Witnesseth: That for and in consideration of $1.00 in hand paid, the receipt of which is hereby acknowledged and the further consideration of love and affection which the parties of the first part have for their children do hereby sell and convey to the second part, their heirs and assigns, but conditioned that if any of the parties of the second part, that is the children of the parties of the first part, die without children either before or after reaching their majority then the interest of such child or children to revert to and be inherited by such children as are living at the time of the death of any one or more of the children of the parties of the first part the following described real estate, to-wit: One house and lot on Scott Avenue in the City of Pikeville, Pike County, being bounded on the upper side by the Will Cyphers lot; on the back by an alley; on the lower side by the H. E. Johnson lot and on the front by Scott Avenue, being Lot #58 as shown on the plat of the West Pikeville Addition to the City of Pikeville and being the same lot conveyed to Gipsy Williamson by W. T. Clark and wife on the first day of October, 1914, and recorded in Deed Book #78, page 336, Pike County Clerks Office.

"To have and to hold the same, together with all the appurtenances thereto belong to the parties of the second part, their heirs and assigns forever as aforesaid.

"In testimony whereof, the parties of the first part

have hereto subscribed their names the day and year aforesaid.''

A few months after its execution Harold Williamson died and no child was born to the wife thereafter within the period of gestation. Accordingly the two vendees (daughters) named in the deed became the only members constituting the entire group of vendees. Both children are now living and they are the two appellees herein. One of them married L. E. Hutchinson and the other first married J. S. Honaker, and of that marriage there was born the appellant, Robert Douglas Honaker, who is now 10 years of age. After his birth the Honakers separated and were later divorced, following which the former Mrs. Honaker married a Mr. Spears. Both husbands, Hutchinson and Spears, are living, but the Hutchinsons have no children, either living or dead, and their wives desire to sell the property, provided they can jointly convey an absolute fee simple title thereto.

This declaratory judgment action was filed in the Pike circuit court to obtain its opinion as to whether or not they may do so. The learned judge of that court held that they jointly could convey an absolute title to the property, and from that judgment the infant Robert Douglas Honaker, by his guardian ad litem, prosecutes this appeal.

The determination of the question is dependent upon the intention of the grantors as gathered from the ''four corners'' of their deed, which is a rule long applied by this court, as well as practically all courts of other jurisdictions, thereby rendering it unnecessary to list cases, or texts, in support thereof. In 19 A. J. 527, sec. 65, it is said:

''It is a well-settled rule that conditions tending to destroy estates, such as conditions subsequent, are not favored in law. They are strictly construed. Accordingly, no provision will be interpreted to create such a condition if the language will bear any other reasonable interpretation, or unless the language, used unequivocally, indicates an intention upon the part of the grantor or devisor to that effect.''

Practically an entire page of authorities are cited in support of that text.

It is likewise a well-settled rule that if the conveyor of property either by deed, will, or otherwise in making the transfer, clearly implies that he intends to convey, not only his present interest in the property, but all future interest that might revert to him under the provisions of defeasance conditions subsequent; he thereby relinquishes all possibility of future reverter to him, or to his heirs if he be dead. That rule was followed by us in the case of Easum et al. v. Bohon, Extrx. et al., 180 Ky. 451, 202 S. W. 901, L. R. A. 1918D, 1144. We therein held that the presumption of a resulting trust or reverter "is rebuttable, and where the facts show that it was the intention of the grantor to part forever with the entire interest in the property (present or future), and that no such reverting interest should ever arise in his favor, then equity will not decree a trust in favor of the grantor or of his heirs or next of kin if he be dead." (Our parenthesis.)

Another rule of interpretation is that if the conveying instrument is ambiguous such ambiguity will be resolved as conveying the largest interest which the grantor is capable of conveying, since it is his language that created the ambiguity and should be resolved against him. See Board of Councilmen of City of Frankfort v. Capital Hotel Co., 188 Ky. 754, 224 S. W. 197 and Kentucky Real Estate Board v. Smith, 272 Ky. 313, 114 S. W. 2d 107. Likewise and closely allied with that rule is another one to the effect that a deed will be construed as conveying an absolute fee in preference to a lesser estate, unless the conveying instrument clearly refutes such an interpretation. See the cases supra and Campbell v. Wells, 278 Ky. 209, 128 S. W. 2d 592; Simons v. Bowers, 258 Ky. 755, 81 S. W. 2d 604 and Wilson v. Woodward, 190 Ky. 326, 227 S. W. 446.

Our interpretation of the instant deed, in the light of the foregoing rules, is that it was the intention of the vendors to transfer an indefeasable title to the last survivor of the group of vendees composed entirely of their children and which is clearly indicated in their deed. Under it, if the first one died without children, "then the interest of such child or children to revert and *be inherited* by such children as are living at the time of any one or more of the children of the parties

of the first part." That reverter applies not only when the deceased child dies without children but likewise if he or she died with surviving children, for in the latter event her interest is to "revert to and be inherited by such children as are living at the time," etc. Therefore, should the last survivor die without children there would remain no member of the group to *inherit* the property, and such survivor, according to our interpretation of the grantors' intention to part forever with all interest present or future in the property, the absolute title would then become vested in such last survivor.

A considerable number of courts hold that the interest, if any, in the conveyed property which the infant appellant seeks approval is too remote to be considered, but having arrived at our conclusion supra it is unnecessary to discuss that question.

Wherefore for the reasons stated the judgment is affirmed.