Bessie HOWELL, otherwise known as Bessie Frazier, et al., Appellants,

v.

Ernest E. WEISEMILLER et al., Appellees.

Court of Appeals of Kentucky.

Feb. 15, 1957.

Anton B. Dreidel, Louisville, for appellants.

L. A. Faurest, Jr., D. M. Cooper, Elizabethtown, for appellees.

STANLEY, Commissioner.

The construction of an unartful deed in respect to the character of title conveyed and, provisionally, in respect to a restraint on alienation, is presented.

By a deed, dated March 31, 1934, for the consideration of $1,030, F. H. Howell conveyed a certain lot in an addition to Elizabethtown to "Bessie Frazier, party of the second part, and Jesse Howell and Richard Thomas Howell, parties of the third part." Following the reservation of a life estate in the grantor, the deed continues, "and at his death the right of use and occupancy of said property to the party of the second part for and during her natural life and the benefit of rents and profits therefrom, and at her death the said property to Jesse Howell for and during his natural life with right of use and occupancy and the benefit of rents and profits therefrom during his natural life and at his death the

said property to the said Richard Thomas Howell and his heirs, with the further restriction and reservation that the said property shall not be incumbered or conveyed during the life of the aforesaid parties."

The habendum clause is to "the parties of the second and to the parties of the third part for and during their natural lives with the restrictions and reservations set out in the granting clause herein, with covenant of general warranty."

The life estates of the grantor and of Jesse Howell have terminated by their death. Afterward, in September, 1954, Richard Thomas Howell conveyed all his title and interest in the property to Bessie Frazier (now Bessie Howell). Thereafter, Bessie Frazier Howell contracted to sell and convey the property to Ernest E. Weisemiller for $8,700. The parties seem to want to consummate the contract and bring this suit to test the power of Mrs. Frazier-Howell to convey a fee simple title. Richard Thomas Howell and his wife came into the case by pleading "for the purpose of consenting" to the sale by the plaintiff. Their two infant children were made defendants as Howell's only heirs at law. A guardian ad litem challenged the power of their father and Mrs. Frazier-Howell to convey the property and sought judgment that they, the infants, be declared the owners of the property, subject to the life estate of Bessie Frazier Howell. The court merely adjudged that the plaintiff, Mrs. Frazier-Howell, did not own a marketable title to the property or have the right to sell and convey the same, therefore, that Weisemiller was released of his obligation to accept the proposed conveyance.

■ The argument of the parties is confined pretty much to the question of the validity of the restraint on alienation of title. It seems to us, however, that we do not reach that question since our construction of the deed—as was apparently that of the trial court—is that Richard Thomas Howell was conveyed only a life estate. We may, however, observe that restraints on alienation may be lawfully imposed on life estates. Gray v. Gray, 300 Ky. 265, 188 S.W.2d 440, 160 A.L.R. 633.

■ If the granting clause of the deed stood alone or was not modified by the habendum, the words, "and his heirs," following the name of the last taker, Richard Thomas Howell, would have to be eliminated. They would have to be regarded as words of limitation and not of themselves as passing any estate to Howell's heirs. Howard v. Gross, 287 Ky. 415, 153 S.W.2d 989. But the habendum of the deed specifically states that the conveyance is "to the parties of the third part for and during their natural lives." Richard Thomas Howell is one of those parties.

■ This court long ago abandoned the former rule as to drawing a distinction between formal divisions of a deed, particularly as between granting and habendum clauses. In construing a deed the court will seek the grantor's dominant intention from all its terms without giving preferential effect as between the granting and the habendum clauses unless there is an irreconcilable conflict. Bodine's Adm'rs v. Arthur, 91 Ky. 53, 14 S.W. 904, 34 Am.St.Rep. 162; Sherman v. Petroleum Exploration, 280 Ky. 105, 132 S.W.2d 768, 132 A.L.R. 137. Under this rule, if it is not wholly repugnant, the habendum may be considered as an addendum or proviso to the conveying clause. It may modify, limit, explain, or restrict; or it may enlarge that clause. Combs v. Fields, 211 Ky. 842, 278 S.W. 137; Woods v. Cook, 248 Ky. 216, 58 S.W.2d 404; Brown v. Harlow, 305 Ky. 285, 203 S.W.2d 60.

In the deed now before us the explicit conveyance of successive life estates to Bessie Frazier and Jesse Howell is not repeated in the conveyance to Richard Thomas Howell. The conveyance is to him "and his heirs." However, the habendum clause is that all of the three named grantees are "to

have and to hold" the property "for and during their natural lives with the restrictions and reservations set out in the granting clause." This is consistent and reconcilable with the grant to the last party grantee "and his heirs." It gives effect to the granting of a life estate. Woods v. Cook, supra; Combs v. Fields, supra. Regardless of the validity or invalidity of the restraint on alienation of title recited in the deed, that restraint may be regarded as emphasizing the grantor's intention to convey successive life estates in the three parties. This is as far as we need go in this opinion.

We, therefore, concur in the view of the trial court that the appellants cannot convey a fee simple title to the appellees.

Judgment affirmed.