RENDERED:  OCTOBER 13, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0731-MR

LEWIS LOGAN                                                                APPELLANT


APPEAL FROM BUTLER CIRCUIT COURT
v.        HONORABLE TIMOTHY R. COLEMAN, JUDGE
ACTION NO. 19-CI-00120


RALPH JEFFREY COLLINS                                            APPELLEE


OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; KAREM AND McNEILL, JUDGES.

McNEILL, JUDGE:  Lewis Logan ("Logan") appeals from a Butler Circuit Court judgment finding that Ralph Jeffrey Collins ("Collins") has a valid right-of-way over Logan's land; that Collins did not forfeit his right-of-way by failing to construct a paved road as allegedly required by the deed; and awarding damages. For the reasons below, we affirm in part, reverse in part, and remand.

# BACKGROUND

Logan and Collins own abutting properties in Butler County, Kentucky. Both properties descend from a common source. In 1989, Collins purchased fifty-five acres (of a 245-acre tract) from his grandmother, who sold the remaining acreage to a logger named Oberhausen, who had previously cut and sold timber from the property. The disputed right-of-way in this case is an old logging road installed by Oberhausen.

In 1994, F&SC Ventures, a development partnership, purchased Oberhausen's property and subdivided the land into ten tracts. Through his attorney, Collins approached Fayetta Hall ("Hall"), a partner in F&SC Ventures, about obtaining an easement to access his property, because the road he had previously used for access was closed. Hall agreed to an easement across tract four, and the parties executed a right-of-way deed, which provided in relevant part:

> That for and in consideration of settlement of a dispute regarding an easement and for no other consideration, the Grantor [F&SC Ventures] does hereby convey unto the Grantee [Collins], an easement for the purpose of ingress and egress to and from a certain tract or parcel of land . . . . This easement shall be binding upon the parties mentioned above. Ralph Jeffery Collins shall be responsible for initial construction of the road. The road may be used by both parties and if both parties use the road both parties will be responsible for repairs to the road.
>
> . . . .

To have and to hold the easement of ingress and egress for the Grantee Ralph Jeffery Collins, and his heirs and assigns forever, with Covenant of General Warranty.

Logan later purchased tract four and several other tracts intending to build a house and use the right-of-way for access. He believed the easement agreement required Collins to construct a gravel road and relied on that belief when he purchased the property. Logan asked Collins about constructing the road, but Collins refused. The matter came to a head in the fall of 2019 when Collins performed some bulldozer work on a curve in the road outside the easement boundary.

Logan filed a complaint in Butler Circuit Court seeking injunctive relief and damages. He later amended the complaint to argue the easement was only valid between F&SC Ventures and Collins and to require Collins to construct the gravel road. A bench trial was held on September 14, 2020. Following the evidence, the trial court concluded the easement was valid against Logan, the easement did not revert to Logan based upon Collins' failure to construct a gravel road, and it awarded Logan $2,500 in damages for Collins' work outside the easement.[1]

---

[1] The trial court also established the boundaries of the easement, finding that the area referred to by the parties as "the curve" was outside of the easement, and rejected Collins' argument that he had obtained an easement by prescription to the area. These findings are not challenged on appeal.

-3-

Logan filed a motion to alter, amend, or vacate, again arguing the easement reverted to Logan and was only valid between parties to the original deed, disputing the court's damage award, and requesting specific performance. The trial court granted the motion as to specific performance but denied it as to all other issues. This appeal followed. Other facts will be set forth as necessary below.

## STANDARD OF REVIEW

We review a trial court's findings of fact following a bench trial for clear error. CR[2] 52.01. Factual findings are clearly erroneous if unsupported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003). "Substantial evidence has been defined as evidence which has sufficient probative value to induce conviction in the minds of reasonable people." *Kentucky Unemployment Ins. Comm'n v. Cecil*, 381 S.W.3d 238, 245 (Ky. 2012). We review the trial court's conclusions of law *de novo*. *Sawyers v. Beller*, 384 S.W.3d 107, 110 (Ky. 2012) (citation omitted).

## ANALYSIS

As an initial matter, we must first address the deficiency of Logan's appellate brief. His argument sections fail to make "reference to the record

---

[2] Kentucky Rules of Civil Procedure.

-4-

showing whether the issue was properly preserved for review and, if so, in what manner" as required by RAP[3] 32(A)(4). We require a statement of preservation:

> so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.

*Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

"Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, [RAP 31(H)(1)]; or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citing *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)). Because the record is small, and we have been able to determine his arguments were properly preserved, we will ignore the deficiency and proceed with the review.

Logan first argues that building a gravel road was a condition subsequent to granting the easement and Collins' failure to do so resulted in the easement's forfeiture.[4] In its original judgment, the trial court ruled that while the

---

[3] Kentucky Rules of Appellate Procedure.

[4] While Logan does not use the term "condition subsequent" in his appellate brief, he cites *Devine v. Isham*, 284 Ky. 587, 145 S.W.2d 529 (1940), which states the general rule that "if there are words [in a deed] which create a limitation or a condition subsequent, then upon failure of intended purpose the title will revert." *Id.* at 531.

-5-

deed required Collins to construct a road,[5] it set no time limit on construction, therefore there was no breach of the condition and the easement did not revert to Logan.[6] However, in ruling on Logan's motion to alter, amend, or vacate, it held that building a road was not a "condition precedent" to granting the easement.[7] Regardless of its reasoning, we agree with the trial court's ultimate holding that Collins' failure to construct a road did not result in forfeiture of the easement.

When dealing with an express easement, as in this case, "the terms of [the easement] determine the rights and liabilities of the parties." *Majestic Oaks Homeowners Association, Inc. v. Majestic Oaks Farms, Inc.*, 530 S.W.3d 435, 439 (Ky. 2017) (citation omitted). Therefore, we look to the deed to determine whether building a road was a condition subsequent to granting the easement. "The construction of a deed is a matter of law, and the intention of the parties is to be gathered from the four corners of the instrument." *Phelps v. Sledd*, 479 S.W.2d 894, 896 (Ky. 1972) (citations omitted).

---

[5] This finding was not appealed.

[6] In ruling on Logan's motion to alter, amend, or vacate the trial court held "the construction of a road over the subject easement was not a condition precedent for the granting of the easement . . . and as a result, the easement has not reverted back to [Logan] by virtue of [Collins'] failure to construct the road required by said Deed." Thus, it reiterated its earlier holding that the easement did not revert to Logan, but for different reasons.

[7] It is unclear whether the trial court's use of "condition precedent" rather than "condition subsequent" was a clerical error.

"It is a well-settled rule that conditions tending to destroy estates, such as conditions subsequent, are not favored in law. They are strictly construed." *Honaker v. Hutchinson*, 305 Ky. 790, 205 S.W.2d 683, 684 (1947) (citation omitted). "A deed will not be construed to convey an estate on condition unless . . . the intent of the grantor to make a conditional estate is otherwise clearly and unequivocally indicated." *Board of Councilmen of City of Frankfort v. Capital Hotel Co.*, 188 Ky. 754, 224 S.W. 197, 198 (1920).

> Conditions subsequent are raised only by apt and sufficient words. The words must not only be such as of themselves import a condition, but must be so connected with the grant in the deed as to qualify or restrain it. The usual words of a condition subsequent are "provided," "so as," "so that," "if it shall happen," "or upon condition."

*Id.*

The deed between F&SC Ventures and Collins contains no conditional language suggesting the parties intended the easement to revert to the grantor if a road was not built. In fact, the deed states the easement shall be "binding upon the parties" and shall be an "easement of ingress and egress for the Grantee Ralph Jeffery Collins, and his heirs and assigns forever[.]" It does not clearly and unequivocally indicate the grant of the right-of-way was dependent upon the construction of a road. Therefore, the trial court did not err in finding the easement did not revert to Logan.

Logan next argues the easement was an easement in gross and not an easement appurtenant, and thus only binding upon the parties to the deed. He points to language in the deed's granting clause, "Grantor does hereby convey unto the Grantee," and elsewhere, "[t]his easement shall be binding upon the parties mentioned above[,]" to argue the easement is only enforceable between F&SC Ventures and Collins. While acknowledging the deed's *habendum* clause grants the easement to "Ralph Jeffery Collins, and his heirs and assigns forever," he cites the well-known proposition that "in case of a conflict between the particular description and the general description in a deed, the particular and not the general description controls." *Bain v. Tye*, 160 Ky. 408, 169 S.W. 843, 844 (1914). Logan contends the language of the deed is inconsistent, or at least ambiguous, and should be construed in his favor and against Collins, the drafter.

Once again, "[i]n determining the proper interpretation of a deed, we look to the intentions of the parties which we deduce from the four corners of the instrument." *Villas at Woodson Bend Condominium Ass'n, Inc. v. South Fork Development, Inc.*, 387 S.W.3d 352, 357 (Ky. App. 2012) (citations omitted). A deed must be construed as a whole, and every part given meaning if possible. *City of Louisa v. Newland*, 705 S.W.2d 916, 919 (Ky. 1986); *McFarland v. Hanley,* 258 S.W.2d 3, 5 (Ky. 1953). "In construing a deed the court will seek the grantor's dominant intention from all its terms without giving preferential effect as

between the granting and the habendum clauses unless there is an irreconcilable conflict." *Howell v. Weisemiller*, 299 S.W.2d 118, 119 (Ky. 1957) (citations omitted). "Under this rule, if it is not wholly repugnant, the habendum may be considered as an addendum or proviso to the conveying clause. It may modify, limit, explain, or restrict; or it may enlarge that clause." *Id.* (citations omitted).

We agree with the trial court the deed is not conflicting and the *habendum* clause simply clarified the parties' intent for the easement to run with the land. Both sentences relied upon by Logan are consistent with the grant of an easement appurtenant. The granting clause, "Grantor [F&SC Ventures] does hereby convey unto the Grantee [Collins], an easement" contains no language limiting the easement to Collins only, such as "so long as Collins owns the property," *etc*. Similarly, the deed does not say "This easement shall be binding *only* upon the parties mentioned above" but only "This easement shall be binding upon the parties mentioned above."

"[I]t is the general rule that easements in gross are not favored, and that an easement will never be presumed to be a mere personal right when it can fairly be construed to be appurtenant to some other estate." *Meade v. Ginn*, 159 S.W.3d 314, 320-21 (Ky. 2004) (citations omitted). We construe the deed's language, "the easement of ingress and egress [is] for Grantee Ralph Jeffrey Collins, and his heirs and assigns forever," as granting an easement appurtenant.

This language is not inherently conflicting with the other language in the deed cited by Logan and, when read together, is not ambiguous. Because the deed is not ambiguous, we will not construe it in Logan's favor. *See Florman v. MEBCO Ltd. Partnership*, 207 S.W.3d 593, 600 (Ky. App. 2006).[8]

Logan also challenges the trial court's damage award, arguing it is not supported by substantial evidence, and requests this Court set a new award based upon the evidence. His complaint sought damages for bulldozer work Collins' performed in the curve in the fall of 2019. Logan claims Collins removed topsoil, vegetation, and trees resulting in mud and ruts in the pathway.

At trial, Logan's excavation expert, Ronnie Kinser, testified it would cost $35,500.00 to restore the area to its natural state. However, Kinser conceded he was unaware of the curve's condition prior to Collins' work. Kinser acknowledged the existence of an "old logging road" in the area and testified it was cut two to three feet into the ground. He opined someone had removed topsoil or the road would not exist but did not know who built the road or how long it had been there. The trial court rejected Kinser's estimate, finding "[t]his level of

---

[8] Even were we to find the deed ambiguous, we would first look to extrinsic evidence before utilizing rules of construction. *See Hoskins Heirs v. Boggs*, 242 S.W.3d 320, 328 (Ky. 2007) (emphasis added) (citation omitted) (noting that "*if* the ambiguity is not resolved by extrinsic evidence" *then* "the deed will be construed most strongly against the grantor and in favor of the grantee if it admits of two constructions."). Here, Hall testified she understood the easement to be an easement appurtenant.

restoration does not appear warranted given the property in question and the limited damage to the property by the [Collins'] dozer work[,]" and instead awarded $2,500.00 for the "loss of trees and damage to the [curve]."

In Kentucky, two types of damages are available to a claimant for injury to real estate. For permanent injury, the measure of damages is the reduction in the fair market value of the property caused by the trespass. For temporary injury, the measure of damages is the cost to return the property to its original state. *Ellison v. R & B Contracting, Inc.*, 32 S.W.3d 66, 69 (Ky. 2000). "Questions regarding the cost of repairing a particular injury to real estate and the extent of any diminution in fair market value of the real estate as a result of an injury are questions of fact." *Id.* at 70.

In this case, neither party presented evidence concerning property value diminution, leaving only Logan's evidence of the cost to restore the property to its natural state. However, the trial court found restoring the property to its natural state – prior to the existence of the logging road – was improper. This finding was supported by substantial evidence. It is clear from Kinser's testimony that his estimate assumed the property's natural state did not include the presence of the logging road.

When the trial court asked Kinser what damage he thought needed correcting, Kinser testified it looked like someone made a logging road off the

-11-

right-of-way that was cut down into the earth two or three feet. Then, referencing the fifty loads of topsoil in Kinser's estimate, the trial court asked him if he knew of any topsoil removed by Collins or anyone else. Kinser replied, "Evidently somebody removed [topsoil] out of the road, or it would not be cut in like it is." Collins testified the road has existed in the disputed area (the curve) for at least fifty-five years, prior to Logan's purchase of the property or Collins' dozer work in the fall of 2019.

While Logan cites his own testimony that no dozer work had been done in the curve prior to his purchase of the property and the testimony of surveyor Lucas Slavey that the dozer work was "fresh" in support of Kinser's estimate, the trial court, as factfinder, was "in the best position to judge the credibility of the witnesses and weigh the evidence presented." *Holt v. Holt*, 458 S.W.3d 806, 813 (Ky. App. 2015) (citation omitted). Here, the trial court faced conflicting testimony concerning the condition of the curve prior to Collins' bulldozer work in the fall of 2019. Apparently, it found Collins' testimony more credible. "Regardless of conflicting evidence . . . due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses because judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court." *Moore*, 110 S.W.3d at 354 (internal quotation marks and citations omitted).

However, we agree with Logan that the trial court's award of $2,500.00 for the loss of trees is not supported by substantial evidence. Logan offered no testimony, expert or otherwise, as to the cost of replacing the damaged trees and the trial court offers no explanation or justification for this figure in its judgment. "The evidence must be in the record to support a finding of fact; the court or jury may not supply such absent evidence by drawing upon experience *aliunde*, or by naked speculation." *Kentucky Mountain Coal Co. v. Hacker*, 412 S.W.2d 581, 583 (Ky. 1967). Therefore, we remand for a new trial on the issue of damages. Any amount awarded for tree loss must be supported by evidence of record.

Finally, Logan argues the trial court erred in failing to specify in its judgment what type of road Collins is required to construct. In ruling on Logan's motion to alter, amend, or vacate, the trial court granted his claim for specific performance, finding the deed required Collins to construct a road and ordering Collins to do so within six months from the entry of judgment. The court's order gave no further specifics. Logan now requests this Court require Collins to build an end-to-end gravel road, passable by vehicles.

As noted above, "the terms of [an easement] determine the rights and liabilities of the parties." *Majestic Oaks*, 530 S.W.3d at 439 (citation omitted). Absent an ambiguity, "the intention of the parties is to be gathered from the four

corners of the instrument." *Phelps*, 479 S.W.2d at 896 (citations omitted). "Generally, the interpretation of a contract, including determining whether a contract is ambiguous, is a question of law for the courts and is subject to *de novo* review." *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. App. 2002) (citations omitted).

Here, the deed is silent on the type of road envisioned by the parties. It speaks of an "easement for the purpose of ingress and egress," a "sixteen feet easement in width and right of way," and a "road." However, it never explicitly states whether the road is to be dirt, gravel, paved, *etc*. "Where a contract is ambiguous or silent on a vital matter, a court may consider parol and extrinsic evidence involving the circumstances surrounding execution of the contract, the subject matter of the contract, the objects to be accomplished, and the conduct of the parties." *Cantrell*, 94 S.W.3d at 385 (citations omitted).

Hall testified it was her understanding Collins would build a gravel road based upon the parties' discussions. In her opinion, a dirt road was not acceptable because the road needed to stay passable, and a dirt road would lead to ruts. However, whether her opinion reflected the parties' agreement is unclear. Hall knew Collins wanted the easement primarily for hunting and Collins testified he accessed his property with four-wheelers, perhaps indicating something less than an end-to-end gravel road was contemplated. As further evidence of this,

Collins testified he did, in fact, gravel parts of the roadway after he acquired the easement to make it passable.

Resolving these factual issues is better left to the fact-finder. *See Cantrell*, 94 S.W.3d at 385 (citations omitted) ("[O]nce a court determines that a contract is ambiguous, areas of dispute concerning the extrinsic evidence are factual issues and construction of the contract become subject to resolution by the fact-finder."). Therefore, we decline to order Collins to construct an end-to-end gravel road and remand this matter to the trial court to determine the extent of Collins' obligations pursuant to the parties' agreement, considering all evidence relevant to intent. The court may hold further evidentiary hearings, if necessary.

## **CONCLUSION**

Based upon the foregoing, we affirm the Butler Circuit Court's judgment as to its determination that building a road was not a condition subsequent to granting the easement and that the easement was an easement appurtenant. We reverse its damage award and its award of specific performance and remand this matter for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

James R. Laramore
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Thomas N. Kerrick
Colton W. Givens
Bowling Green, Kentucky